## POLLARD *vs.* COCKE.

1. When both plaintiff and defendant in an action of ejectment claim under purchases at sheriff's sales under executions against the same person, the plaintiff is not bound to prove the nature or quality of that person's title; it is sufficient if he can establish it in himself.

2. The deed of a sheriff or marshal cannot be collaterally impeached on account of any irregularities in his proceedings, or in the process under which he sold the land.

3. When land is sold under an *alias* execution, and no objection to its regularity is made in the court below, it will be presumed that a previous execution was regularly issued.

4. If a deed is not registered within the six months prescribed by the statute, nor until after the rendition of a judgment against the vendor in favor of a creditor who had no notice of the deed, its subsequent registration cannot relate back so as to defeat or postpone the lien of the judgment.

5. Judgments rendered in the Circuit Court of the United States create a lien on the lands of the defendant within this State, co-extensive with the lien of judgments rendered in the State Courts.

6. The statute which requires the registration of deeds within six

Pollard v. Cocke.

months after their execution, applies to the deeds of sheriffs and marshals.

7. A sale made in the Southern District of this State, by the United States Marshal of that District, of lands situated in the Middle District, is absolutely void; and his deed to the purchaser may be impeached collaterally.

ERROR to the Circuit Court of Tallapoosa. Tried before the Hon. E. Pickens.

PARSONS and BELSER & HARRIS, for plaintiff in error:

1. One of Pollard's titles consists of a deed from Joseph G. Lindsey, the patentee of the lands in controversy, to Thomas Huggins, dated the 27th February, 1840, recorded 3rd March, 1840, in Macon county, and in Tallapoosa county, 5th June, 1847; a judgment rendered in the Circuit Court of Macon county, 24th October, 1842, in favor of Knox v. said Huggins; an *alias fieri facias* of June, 1847; and a levy and sale of said lands to Pollard at the court house door of Tallapoosa county, in September, 1847; and also a deed of the latter date.

This title is good against the plaintiff, because at the time of the rendition of his judgment in the Circuit Court of the United States at Mobile, on the 23rd December, 1840, Lindsey had no interest in the land, but the right to it had passed from him, by the deed executed by him to Huggins, on the 27th February, 1840; because further, the plaintiff had actual notice of this deed before his purchase, and because the judgment of Knox, from the Circuit Court of Macon, of the 24th October, 1842, is the first which binds the lands.—Garwood v. Garwood, 4 Hals. 193; Priest v. Rice, 1 Pick, 164; Hiern v. Mill, 13 Vesey, 120; Daniels v. Sorrells, 9 Ala. 445; Morris v. Ellis, 3 Ala. 560; Forrest v. Lyon, 16 Ala. 646; Clay's Dig. 216, § 76; Elmore v. Harris, 13 Ala. 360.

2. It is at least questionable, whether judgments from the Circuit Court of the United States bind lands throughout the State, like judgments from the State Courts. It is, however, stated by way of dicta in one of our decisions, that they do.— Campbell v. Spence, 4 Ala. 549; Clay's Dig. 205, § 17.

3. If each of the judgments under which the parties claim binds the lands from their rendition, then none of them have become dormant. To render a judgment dormant, mere delay to

execute it is not sufficient.—Rankin v. Scott, 12 Wheaton, 177; Patton v. Hayter, 15 Ala. 20; Bank v. Boughton, ib. 128; Wood v. Gary, 5 Ala. 43; Michie v. Bank, 4 Howard, Miss. 130; Ridgely v. Gartrell, 3 H. & McH. 450.

4. Even should the judgments from the Circuit Court of the United States in Mobile bind the lands from their rendition, still Pollard's title, derived through that court, is better than that of the plaintiff. The judgment of Pollard is the oldest. The sale in Mobile, instead of Tallapoosa county, does not vitiate the sale to Chandler, and the deed from the marshal to Chandler was recorded in Tallapoosa county, before plaintiff's execution was sued out, or his purchase made. And besides the plaintiff had actual notice of this deed in the summer of 1845.—Daniels v. Sorrells, 9 Ala. 446; Land v. Hopkins, 7 Ala. 115; Cooper v. Galbreath, 3 Wash. 546; Sanders v. Caldwell, 1 Cowen, 662; Hamilton v. Shrewsberry, 4 Randolph, 427; Titcomb v. Maine Company, 8 Mass. 326; Wheaton v. Sexton, 4 Wheaton, 503; Jackson v. Walker, 4 Wend. 462; Lawrence v. Speed, 2 Bibb, 401; Turner v. McCrea, 1 N. & McC. 11; Osborne v. Woodson, Haywood, 24; Jones v. Fulgun, 3 Mur. 364; Minor v. Selectmen, &c., 4 Smede & Mar. 602; Ware v. Bradford, 2 Ala. 676-682; Quinn v. Wisnall, 7 Ala. 651; Mobile Press v. Magee, 9 Porter, 679.

5. The distinction should be observed, that the present is not the case of two judgment creditors, contending for money raised by the sale of an execution on a junior judgment; but a contest between the purchasers at different sales of the same land, and claiming under different titles. In a case like this, the plaintiff must recover on the strength of his own title.—Campbell v. Spence, 4 Ala. 549; Brock v. Young, 4 Ala. 584.

6. There is no statute in this State, requiring a marshal's deed to be recorded, or even a sheriff's deed. If this be so, the argument against the defendant's deed, because of non-registration, must fail. The cases in our court are as to memorandums in writing, to take a case out of the statute of fraud. Registration is quite a different thing.

7. The marshal of the southern district is the marshal of the middle district, and the land was sold in a county in which he was marshal. It is at most an irregularity.—Love v. Williams, 5 Ala. 58; Ware v. Bradford, 2 Ala. 682; Cotton Press v. Moore, 9 Por. 679.

RICE & MORGAN, *contra:*

1. The title of Huggins is void, as against the bank of Augusta, and the purchaser under its judgment, because the deed was not recorded according to the requirement of the statute, (Daniels v. Sorrells et al. 9 Ala. 436;) and the plaintiff in error can occupy no better situation than the party under whom he claims.—Nolen et al. v. The heirs of Gwynn, 16 Ala. 725.

2. The title of Chandler is void, because the marshal had no power to sell land in Tallapoosa county, and in the middle district of the State, in the city of Mobile, which is a different district.—(U. S. Stat. at Large, vol. 5, 315.) The statute of this State requires sales of land to be made at the court house door of the county in which they lie.—Clay's Dig. 205, § 17; 216, § 76. And the statute of the United States provides that all executions, and the proceedings thereon, shall conform to the requirements of the respective State laws.—4 U. S. Stat. at Large, 281, § 3. For a construction of this statute, see Amis v. Smith, 16 Peters, 303.—See also Gantly v. Ewing, 3 Howard, 707, which shows that our statute is mandatory, and the sale void.—7 Hump. 129.

3. If the sale be not void, Chandler's deed not having been recorded in due time, the judgment of the bank of Augusta acquired a lien superior to it.—Daniels v. Sorrells et al. *supra.*

4. The registration statutes apply to sheriff's deeds.—Scribner v. Lockwood, 9 Hammond, 184; 2 Nott & McCord, 105; 10 Watts, 13.

5. Sheriff's sales are within the statute of frauds; although not mentioned in *totidem verbis.* Why then, are they not within the statutes of registration, where language equally applicable to them is employed? But these statutes of registration are also statutes to prevent frauds.—Robinson v. Garth, 6 Ala. 204.

6. Judgments of the Federal Courts rendered in Alabama, are liens upon land of the defendant throughout the State.—Lessee of Sellers v. Corwin, 5 Ohio R. 398; *Doe ex dem.* Shrew v. Jones, 2 McLean's R. 78.

7. Where, in an ejectment, no other title is set up by either party than the title of a defendant in execution, under whom both parties claim, the plaintiff is not required to prove the nature or quality of the judgment debtor's title.—*Doe ex dem.*

Huntington v. Prichart, 11 Smedes & Marsh. 327; Riddle v. Murphy, 7 Serg. & Rawle, 230. And if such a question could be raised, it must be done distinctly in the primary court. It is plain that no such question was made in this case in the court below.—See also 3 Wash. C. C. 546; 1 Overt. 236; 5 Dana, 271; Brock et al. v. Young et al. 4 Ala., and cases cited in plaintiff's brief.

CHILTON, J.—This was an action of ejectment brought by the defendant in error against the plaintiff, to recover certain real estate, situate in Tallapoosa county. The presiding judge charged the jury, that if they believed the evidence, they should find for the plaintiff in the court below; so that the legal sufficiency of the proof, conceding its correctness, to entitle the plaintiff below to maintain the action, and whether if such title be shown, it is paramount to that of the defendant, are questions for our revision.

The case was tried upon an agreed state of facts substantially as follows: That the land in dispute is situated in Tallapoosa county, and was patented to one Joseph G. Lindsey, and was in Pollard's possession at the institution of this suit. The plaintiff below showed title as follows: "1. A judgment for $1620 against said Joseph G. Lindsey, rendered by the Circuit Court of the United States for the Southern District of Alabama, in favor of the Bank of Augusta, on the 23d day of December, 1840. 2. An *alias fieri facias* issued on the said judgment, the 28th December, 1846, which was levied on said land by the marshal of the Southern and Middle Districts of the State of Alabama, and a sale by said marshal, made on the first Monday in April, 1847, at the court house door in Tallapoosa county, of said land to the lessor of the plaintiff, due advertisement having been made. 3. A deed from said marshal executed to said Cocke on the day of said sale, (5th April, 1847,) which was recorded in the county of Tallapoosa on the 28th day of June, 1847."

This being the evidence of the plaintiff's title, let us examine first the question, whether it authorized him to ask the instruction from the court, that if the jury believed the evidence, he was entitled to recover.

1. It is insisted that the facts agreed upon do not show, that

Lindsey had title to the land at the time the judgment was rendered, or at any time between that and the *sale to the lessor of the plaintiff;* but does not the attitude which the parties respectively occupy as respects the title of Lindsey, dispense with proof, other than the agreement discloses? It appears that Pollard, the defendant below, claims to have derived his title through Lindsey, by sales made by the marshal *anterior* to the purchase by Cocke.—In Riddle v. Murphy, 7 Serg. & Rawle, 235, it was said by Gibson J. "both parties claim under the same title, (derived from one Cornelius Murphy) it is too clear therefore for argument, that the plaintiffs were not bound to trace back their title beyond Cornelius Murphy. If there was a title adverse to his, either in the commonwealth, or a third person, it lay on the defendant to show it."—So also in *Doe ex dem.* Huntington v. Pritchard, 11 S. & Mar. 327, it was held that in an action of ejectment, where both parties claim under purchases at sheriff's sale against the same defendant, it is not necessary that the plaintiff should make out his title to be good as against the world; if the defendant set up no title, except that of the judgment debtor, the plaintiff is not required to prove the nature or quality of the judgment debtor's title. He is entitled to recover, if he can establish that title in himself. These authorities may suffice to show, that as Pollard is in possession of the land, claiming to have derived title from Lindsey, anterior to the sale by the marshal to Cocke, this amounts to a concession of such title. "If one man," says Judge Washington, "came into possession of land by permission of another, he thereby admits the title of that other."—Lessee of Cooper v. Galbraith, 3 Wash. C. C. 549. Much more should he be considered as admitting the title when he claims to hold from him as patentee by sales made by the marshal, who could only sell a legal title by our law, of date anterior to the purchase by the plaintiff.

2. But the counsel for the defendant in error contends that the sale is void, because it appears to have been made under an *alias* execution, and that it does not appear when the former writ of *fieri facias* issued; *non constat*, it may have issued after a year and a day. Grant this, and the conclusion is erroneous; for this would be to impeach the sheriff's or marshal's deed collaterally for irregularities, the process not being void, but voida-

ble. This court has repeatedly decided that a sheriff's deed cannot be collaterally impeached for any irregularities in his proceedings, or in the process under which he sold the land, and that all that is necessary to support the title of the purchaser is a judgment, execution thereon, levy and the sheriff's deed.— Ware v. Bradford, 2 Ala. 676; Love v. Powell, 5 ib. 58; Smith v. Houston, 16 ib. 111—see also Chambers v. Stone & Pope, 9 ib. 260. The only question which can arise in this connection respects the lien of the judgment.

In Sellers & Cook v. Hayes, 17 Ala. 749, we held that where the bill of exceptions showed that the land was sold under a *pluries* execution, we were bound to presume that other executions were issued, and that in the absence of objections taken in the court below, that they were regularly issued, so as to prevent the judgment from becoming dormant. In the case before us, the record recites that the land in controversy was sold under an *alias* execution, and it does not appear that any objection was made in the court below, as to the regularity of such *alias*. It is then obvious, the two cases are entirely analogous. The case of Sellers & Cook v. Hayes, we think, correctly states the law. The term *alias* necessarily imports that a prior execution issued. To determine the time of its issue, we are driven to presumption. The defendant says, it was not issued within a year and a day, but after that time, when according to the statute the judgment will be presumed to be satisfied. On the other hand, the plaintiff says, the issue of the execution being the official act of a public officer, cannot be presumed irregular, upon the maxim, that all acts are presumed to be rightly done. The law is, that when acts are of an official nature, a presumption arises in favor of their due execution.—Broom's Legal Maxims, 427-8, and cases cited; 2 Phil. Ev., (C. & H. Notes,) 296-7, and the numerous cases there cited. Where such presumption arises, the party asserting such irregularity must prove it, as he could have done in this case, had such been the fact.

3. Having disposed of the preliminary questions raised to the sufficiency of the evidence to establish such a title as would maintain the action of the plaintiff, let us next consider the defendant's title, and ascertain whether it is paramount to that of the plaintiff. He showed a deed from Lindsey to one Huggins, dated in February, 1840, but which was never recorded in the

county of Tallapoosa until after the purchase was made by Cocke, but a copy of which was placed upon the record of deeds in Macon county, which copy Cocke saw before his purchase; also, a sheriff's deed to Pollard, who purchased under an execution against Huggins upon a judgment rendered in 1842, at a sale of said land in September, 1847. This was one chain of title. Pollard also showed a judgment rendered in the Circuit Court of the United States for the Southern District of Alabama, against said Lindsey, rendered in April, 1839; an *alias* execution on said judgment, which was levied, and a sale made by the marshal on the first Monday in March, 1844, at the court-house door of the Circuit Court of the United States at Mobile; the marshal's deed to Daniel Chandler, dated 4th March, 1844, and recorded in the same month in the county of Macon, but not in the county of Tallapoosa, until the 8th March, 1845; also a quit claim deed from said Chandler to Pollard, 31st January, 1848. It appears that Cocke saw the deed from Huggins on the record in Macon county, in January, 1842, and the deed from the marshal to Chandler in the summer of 1845. It was also admitted, that Cocke was the owner of the judgment under which he purchased at the time of its rendition, and that the suit was brought in the name of the Bank of Augusta through mistake. Such being the evidence, several questions are raised by the respective counsel as respects the relative merits of the title.

It is insisted that Cocke's title is void, because Lindsey sold to Huggins before his judgment was rendered, and this sale divested him of title, so that there was no interest or title remaining in Lindsey, upon which the judgment lien could attach. It is replied by the opposite counsel to this objection, that the deed to Huggins was not recorded until after the purchase by Cocke, nor within the time prescribed by the statute, and that the effect of this failure to register it within the six months allowed by the statute, is to postpone Huggins to the lien of the judgment rendered before such subsequent registration against Lindsey, his vendor. If the deed is not recorded within six months, nor until after a judgment is rendered against the vendor, the subsequent registration of the deed does not relate back so as to defeat the lien of the judgment, but the statute avoids the deed in favor of the judgment creditor who has no notice of such deed, either actual or constructive, at or before the rendition of such judg-

ment. A notice acquired before the sale, but after the lien attaches, cannot operate to divest the lien or affect the title of a purchaser under the judgment.—Daniels v. Sorrells, 9 Ala. 436, and cases there cited.

4. It is submitted by the counsel, whether judgments rendered in the Circuit Courts of the United States create a lien on lands in this State, co-extensive with the lien of judgments rendered in the State courts. That judgments of the latter character create a lien from the time of their rendition on land to which the defendant has a legal title situated in any portion of the State, is well settled.—Campbell v. Spence, 4 Ala. 543. The 20th chapter of the Judiciary Act passed by Congress in 1789, provides that the laws of the several States, except when the constitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the U. States, in cases where they apply. By the act of 1828, it is provided that the rules of proceeding, &c. shall be the same in the Circuit Courts of the United States as in the highest court of original and general jurisdiction in the State. These statutes, taken in connection with the construction placed by our own courts upon our enactments, which are held to create the lien of judgments upon real estate, most clearly give the same lien to judgments rendered in the Circuit Courts of the United States within this State, as attach to judgments of the State courts, and this point has been several times decided by the Supreme Court of the United States, as well as by the State courts.—Conard v. Atlantic Ins. Co., 1 Pet. 453; Waring v. Johnson, ib. 571; Ross v. Doe, ib. 664; *Doe ex dem.* Shrew & Winter, 2 McL. 78; Sellers v. Corwin, 2 Ohio, 398—see also, a dictum in Campbell v. Spence, 4 Ala. 543, to the same effect.

5. But it is argued that there is no statute in this State requiring marshals' or sheriffs' deeds to be recorded. The statute is general, and we see no reason for exempting them from its operation. They certainly fall as much within the mischief intended to be remedied as other absolute deeds for lands sold at public auction. Under statutes of other States requiring registration of deeds generally, they have been held to be embraced, (Massey v. Thompson, 2 N. & McC. 105; Scribner v. Lockwood, 9 Ham. 184,) and I believe they have uniformly been held to be

within the statute of frauds.—Robinson v. Garth, 6 Ala. 204, and cases cited.

6. We deem it unnecessary to consider the effect of notice by Cocke of the deed from the marshal to Chandler. The sale, by virtue of which that deed was made, took place at Mobile in the Southern District, while the land is situated in Tallapoosa county, which is in the Middle District. The act of 1828 declares, "that writs of execution and other final process issued on judgments and decrees rendered in any of the courts of the United States, *and the proceedings thereupon, shall be the same*, except their style, in each State respectively, as are now used in the courts of such State," &c., the Federal Courts having the power to make rules so as to adapt their final process to any change which may be made by the State law, to preserve conformity.— 4th vol. U. S. Stat. at Large, 281, § 3. The Supreme Court of the United States, construing this third section of the act, in Amis v. Smith, 16 Pet. 313, say, (McKinley, J.,) "we understand the phrase, "*the proceedings thereupon*," to mean the exercise of all the duties of the ministerial officers of the States prescribed by the laws of the States for the purpose of obtaining the fruits of judgments." At the time this statute was passed by Congress, and ever since, lands by the laws of this State were required to be sold on the first Monday in the month at the court-house door of the county in which they were situated.— Clay's Dig. 205, § 17; Ib. 216, § 77. The question is, can the marshal of the Southern District make a valid sale in that District of lands situated in the Middle District. We feel satisfied that he cannot. He is acting in the matter of such sale wholly without his jurisdiction, and consequently without authority. The want of authority to sell goes to destroy the deed, as much as though he had no execution, and this may be inquired of collaterally, for it is clearly distinguishable from those cases where the officer has power to make the sale, but proceeds irregularly in the execution of that power. In the latter case his deed must be set aside, if at all, by a direct proceeding; in the former, it is absolutely void.

It results from what we have said, that the instruction given by the Circuit Court to the jury was correct, and the judgment is consequently affirmed.