# Feagin, Kendall & Co. *v.* Jones.

*Statutory Action in nature of Ejectment.*

1. *Estoppel as between parties claiming under same person or proceedings.*—When the plaintiff and defendant in ejectment both claim under purchases at sales for delinquent taxes assessed against the same person as owner, each may be estopped from disputing the title of that person; but the defendant is not estopped from disputing the validity of the proceedings on which the plaintiff's purchase is founded, because he himself claims under a subsequent sale based on the same proceedings.

2. *Sale of land for delinquent taxes; affidavit of tax-collector as to want of personal property.*—Under statutory provisions regulating proceedings to sell lands for delinquent taxes (Code, §§ 566–68), the affidavit which the tax-collector is required to make, as to his inability to find personal property after diligent search, is a jurisdictional fact, without which the order of sale and the sale are void.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by S. A. Jones against the partners composing the firm of Feagin, Kendall & Co., to recover the possession of a tract of land, with damages for its detention; and was commenced on the 3d June, 1889. The tract of land was within the grant by Congress to the State of Alabama, in June, 1856, to aid in the construction of the Mobile & Girard railroad; but it was admitted that said railroad had not been built further than Troy in Pike county, which was more than twenty miles distant from said tract. The tract, with other lands, was assessed as the property of the Mobile & Girard Railroad Company in 1885; and each party to this suit claimed under a purchase at a sale for delinquent taxes based on that assessment, and on the tax-collector's return that the taxes were delinquent. This return was dated April 29th, 1886, and showed that the aggregate taxes assessed against all of the railroad lands amounted to $482.46; and on it the judge of probate granted an order of sale. At a sale made under this order on the 25th May, 1886, by the tax-collector, N. H. Hare became the purchaser of the land here sued for; and having assigned his certificate of purchase on the 28th January, 1889, to the plaintiff in this suit, he obtained a deed from the judge of probate dated February 13th, 1889. This was the plaintiff's documentary title. But the land seems to have been sold, under the same proceedings, on a subsequent day, J. A. Prest-

wood and W. B. Steele becoming the purchasers, as shown by the deed of the probate judge to them, dated July 25th, 1888, which recited that the sale by the tax-collector "was begun and publicly held on the 25th May, 1886, and continued until June 3d, 1886;" and on the 11th December, 1888, said Prestwood sold and conveyed by quit-claim deed to the defendants.

On the trial, the plaintiff offered in evidence the docket of the tax-collector showing the assessment of taxes against the railroad lands, on which the order of sale was founded; and the defendants objected to its admission as evidence, because it did not contain the statutory affidavit of the tax-collector as to his search for personal property and inability to find any; which objection being overruled by the court, they duly excepted. The defendants objected also to the admission of the deed executed by the probate judge to the plaintiff as the assignee of N. H. Hare, "on the ground that plaintiff had not shown that said land was liable to taxation, and that no valid sale for taxes had been shown to have been made of said land;" and they excepted to the overruling of this objection. As to the possession of the deed by the parties, the evidence was as follows: N. H. Hare testified, on the part of the plaintiff, "in substance, that plaintiff had been in possession of the land since said tax-sale, and had cut timber and logs from it; that it was wild land at this time, having no field, clearing, or improvements of any kind on it, until a few years ago, since said sale, when defendants erected a steam saw-mill on said lands, worth from $1,500 to $2,000." Plaintiff himself testified, "in substance, that he went into possession of said land soon after the tax-sale, cut timber and logs from it, but made no improvements on it; that no improvements had been put upon it until the defendants erected a steam saw-mill, worth from $1,500 to $2,000; and that they had erected a part of said improvements, worth from $600 to $800, before he notified them that he claimed the land." H. B. Still, one of the defendants, testified as a witness in their behalf, "that plaintiff had never been in possession of said land; that J. N. Prestwood was in possession after said tax-sale, up to the time when he sold the land to said defendants, and that they had been in possession ever since." This being "in substance all the evidence," the court charged the jury, on request, that they must find for the plaintiff if they believed the evidence. The defendants excepted to this charge, and they here assign it as error, together with the several rulings on evidence to which they reserved exceptions, as above stated.

[Feagin, Kendall & Co. v. Jones.]

W. D. ROBERTS, and STALLWORTH & BURNETT, for appellants, cited *Alexander v. Savage,* 90 Ala. 383; *Mathis v. Railroad Co.,* 83 Ala. 411; 79 Ala. 330; *Carlisle v. Watts,* 78 Ala. 486; *Fleming v. McGee,* 81 Ala. 409; 82 Ala. 530; 81 Ala. 329.

JOHN GAMBLE, *contra,* cited *Pollard v. Cocke,* 19 Ala. 188; *Lang v. Wilkinson,* 57 Ala. 259; *Bell v. Denson,* 56 Ala. 444; *Rivers v. Thompson,* 46 Ala. 335; *Baucum v. George,* 65 Ala. 259; 69 Ala. 172.

WALKER, J.—The defendants reserved exceptions to the action of the trial court in overruling their objections to the introduction in evidence of the book containing the tax-collector's entry of the land sued for as assessed for taxation, and the decree of the Probate Court for the sale of the same; and to the introduction of the deed to said land made by the probate judge to the plaintiff. The defendants did not estop themselves from making or insisting upon these objections by setting up title in themselves to the land in dispute, under another alleged tax-sale based upon the same proceedings. The plaintiff and the defendants respectively claimed under separate and distinct sales and deeds made at different dates. The two claims were adverse and inconsistent. There was nothing in the respective positions of the parties to preclude a denial by either of the validity of the other's title. The effort of each party was to show that it had acquired the title of the Mobile & Girard Railroad Company to the land in dispute, and, perhaps, neither could have required the other to go beyond that common source of title (*Lang v. Wilkinson,* 57 Ala. 259; *Pollard v. Cocke,* 19 Ala. 188); but, as the parties sought to connect themselves with that title by different means, and there was no relation between them to raise an estoppel in favor of the one as against the other, the burden was on the plaintiff, as the actor in the suit, to sustain his contention by proving title in himself; his right to recovery depends upon the strength of his own title; and if he is not able to show that he has duly acquired whatever title to the land there was in the railroad company, his position is not strengthened by the fact that the defendants also fail in a similar attempt to show that they have acquired that title.—3 Brick. Dig., p. 325, §§ 38, 39. The positions of the parties are similar to that of two persons claiming the same land under different and conflicting deeds from the same grantor. If both of the deeds are invalid as conveyances, the holder of one of them would not be aided thereby in an attempt to recover possession of the land from the person claiming under the other defective

muniment. If the decree of the Probate Court relied on in this case was void, it does not help the plaintiff that the defendants also claim title through another deed based upon a sale under that same void proceeding.

The defendants objected to the proof introduced to show the alleged tax-sale, because of the absence of the required showing that there was no personal property out of which the taxes could 'have been collected. The Probate Court is empowered to order the sale of lands for the payment of taxes assessed thereon or against the owner thereof, only when the tax-collector shall report to the court that he was unable to find sufficient personal property therefor; and, at the end of the entries in reference to unpaid taxes on real estate required to be made in the docket, which it is the duty of the tax-collector to deliver to the judge of probate, he must make and subscribe an oath showing that he has made diligent search for personal property of the parties against whom the taxes are respectfully assessed, and that after diligent search he has been unable to find sufficient personal property out of which to collect the taxes, or any part thereof.—Code of 1886, §§ 566, 567, and 568. It is plain from the language of the statute that the inability to find personal property from which to collect the taxes, and the affidavit of the tax-collector on his docket to this effect, are jurisdictional facts which are essential to the validity of any decree for the sale of land for the non-payment of taxes; and, under the established construction of the statute, the docket required to be returned by the tax-collector must affirmatively show these jurisdictional facts; if it does not, the decree and sale thereunder are nullities.— *Wartensleben v. Haithcock*, 80 Ala. 565 ; *Carlisle v. Watts*, 78 Ala. 486. In the tax-collector's docket, introduced in this case as the foundation of the plaintiff's title, there was not the required affidavit, nor, indeed, any showing at all that a search had been made for personal property, or that a sufficiency thereof could not be found. The court erred in overruling the defendant's objection to the admission of the docket and of the tax-deed. They were mere nullities, the jurisdiction of the Probate Court not being shown, and they furnished no evidence of title in the plaintiff.

The affirmative charge to find for the plaintiff can not be supported on the proof of his prior possession of the land sued for, as the proof on that subject was conflicting, a witness for the defendant stating that the plaintiff had never been in possession of the land. The charge should have been refused.

There was no ruling of the court involving the question as to whether, on the aspect of the evidence most favorable to

[Moses v. McClain.]

the plaintiff, such prior possession of the land by him was shown as is requisite to the maintenance of ejectment. It is not plain that the proof on this subject was sufficient to support a finding for the plaintiff against these defendants, on prior possession alone.—*Alexander v. Savage*, 90 Ala. 383; *Rivers v. Thompson*, 46 Ala. 335; *Childress v. Calloway*, 76 Ala. 128.

Reversed and remanded.