# Florence Building & Investment Association v. Schall *et al.*

## *Statutory Action of Ejectment.*

1. *Plaintiff in ejectment must show title from grantor in possession or from the government.*—A plaintiff in ejectment in order to make out his case must show a regular chain of title back to some grantor in possession or to the Government.

2. *Ejectment; title claimed from common source.*—Where, in ejectment, both parties claim title from a common source, plaintiff need not prove title back of such source.

3. *Judgment declaring mechanic's lien.*—Where, in a suit to foreclose a mechanic's lien, the jury found for plaintiff, and assessed his damages, but made no finding as to the lien, it was error for the court, without taking proof of facts necessary to constitute a lien, to enter

[Florence Building & Investment Association v. Schall *et al.*]

judgment that a lien attached to the land, the existence of a lien being in issue.

4. *Verification of mechanic's lien.*—Under Code, § 3022, requiring an account for a mechanic's lien to be verified by the claimant, or some person having knowledge of the facts, an affidavit by claimants that the account is correct and true, "to the best of their knowledge and belief," is sufficient.

APPEAL from the District Court of Lauderdale.

Tried before the Hon. W. P. CHITWOOD.

The facts sufficiently appear in the opinion of the court.

C. E. JORDAN, for the appellant.—All parties interested in the matter in controversy, or the property sought to be charged with the lien may be made parties, and those not made parties, shall not be bound by the proceeding, or judgment therein.—Code, § 3030. A judgment is evidence of the facts it ascertains, only against parties to the record, and their privies.—*Young & Co. v. Stoutz & Co.*, 74 Ala. 574. The court erred in overruling the motion of the defendant to exclude from the jury all the evidence of the plaintiff, on the ground that the alleged lien which plaintiff's by their judgment in the circuit court sought to enforce against the lands in controversy, is invalid, in that it is not verified according to law, in this, that it shows on its face that the plaintiff did not have personal knowledge of the facts stated in said claim of lien.—*Globe Iron Roofing and Corrugating Co. v. Thatcher*, 87 Ala. 458.

PICKETT & CROW, for the appellee.—The judgment rendered by said Circuit Court, in September 1889 is *res judicata*, and can not be attacked collaterally, it having decided the cause, which was within its jurisdiction.—2. Black on Judgments sections 514, 681.

Said judgment, though it may be voidable for error, can not be *collaterally* impeached; it is valid and binding until reversed by writ of error, or an appeal.

This principle applies with full force to judgments on mechanics' liens.—2 Brick. Dig., p. 145, § 209; Phillips on Mechanics' Liens, section 457 and References.—*Huff v. Hutchinson*, 14 Howard (U. S.) 586; Lauman's Appeal, 8 Penn., 473.

Said judgment is a judgment *in rem;* and, therefore, conclusive and binding, not only upon parties and privies, but also upon strangers.—2. Black on Judgments, section 795; 12 Amer. & Eng. Encyc, of Law, XV. 149 v and references: 12 Amer. & Eng. Encyc. of Law, 149x and references. Therefore, defendant's plea of want of notice is invalid.

The appellants in this cause (defendants in the court below) purchased said property from said Coleman with full notice of the Mechanic's Lien thereon in favor of the appellants, and are bound thereby.

HEAD, J—Statutory real action by appellees to recover two city lots. Plea, not guilty. The plaintiffs claim title under a sheriff's deed made on the 4th day of November, 1889, in pursuance of a sale under execution, issued on a judgment which they obtained on the 6th day of September. 1889, against W. O. Coleman. They introduced this judgment and sheriff's deed, and also conveyances of the two lots to Coleman by the Florence Land, Mining and Manufacturing Company, executed in November, 1888, and rested. At this point defendants moved to exclude the evidence on the ground that plaintiffs had not shown title, and excepted to the overruling of their motion. The exception was well taken. The plaintiffs had shown no title whatever in the Florence Land, Mining and Manufacturing Company, and no possession in that company or Coleman. In order to make out their case, they should have shown a regular chain of title back to some grantor *in possession*, or to the Government. But, after the overruling of its motion, the defendant went further and showed that it claimed title from Coleman also, and introduced a deed from him and his wife to the lots to itself, executed on the 14th day of November, 1888. This was an admission that Coleman had title, and it must be so assumed. It is observed that defendant's deed from Coleman is prior in time to the plaintiff's judgment and sheriff's deed. The plaintiffs insist upon priority of right by the allegation that their judgment and execution sale were in the enforcement of a mechanic's and materialman's lien on the lots, which antedated the deed of Coleman to the defendant. The complaint, in that action against Coleman, sets forth the facts essential to the

[Florence Building & Investment Association v. Schall et al.]

creation of such a lien and prays that such be declared and enforced. The judgment entry, after a manner, whether legally sufficient or not in form and procedure, we need not now decide, declares that a mechanic's lien "attaches on the land." The case was tried by a jury who found for the plaintiffs and assessed their damages, but returned no finding at all in reference to the asserted lien. The court, without taking proof, so far as the record discloses, of the facts essential to constitute a lien, but upon the mere allegations of the complaint, which were in issue between the parties, declared in its judgment that a lien attaches on the land. But aside from this, there is another defect fatal to the validity of the lien. The account which was filed in the probate court, in attempted pursuance of the statute, was not verified as the statute requires. Section 3022 of the Code requires that it shall be verified by the oath of the claimant or some other person having knowledge of the facts. The plaintiffs did make an affidavit to the account which they filed, but they deposed merely that it was correct and true "to the best of their knowledge and belief." We held, in *Globe Iron Roofing & Corrugating Co. v. Thatcher*, 87 Ala. 458, that an affidavit of this character, made by the claimant, was insufficient, and fatal to the validity of the lien. And such is undoubtedly the law. It is contended for the plaintiffs that the proceeding in the suit against Coleman to enforce the lien was *in rem*, and as the complaint contained the jurisdictional allegations, and the court exercised jurisdiction, it will be conclusively presumed, on collateral attack, that the jurisdictional facts existed. But all inquiry upon that contention is foreclosed by section 3030 of the Code, which provides, that, "In such actions, all persons interested in the matter in controversy or in the property charged with the lien, may be made parties; but such as are not made parties shall not be bound by the judgment or proceeding." The defendant was not made a party to the proceeding and is not now bound by it. The general charge requested by the defendant ought to have been given; the judgment will be reversed, and, as it is manifest the plaintiffs can, in no event, recover, a judgment will be here rendered in favor of the defendant.

Reversed and rendered.