# Henry *v.* Brannan.

## *Ejectment.*

(Decided Dec. 20th, 1906. 42 So. Rep. 995.)

1. *Ejectment; Plaintiff's Title.*—In ejectment plaintiff must show a regular chain of title back to some grantor in possession or to the federal government.
2. *Public Lands; Swamp Lands; Conveyance by the State.*—The State was without authority to issue a patent to swamp and overflow lands under Acts 1861, p. 2, until such lands had been patented by the federal government to the State, or certified by authority of the State as belonging to it.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Mary Henry against Lewis I. Brannan. From a judgment for defendant, plaintiff appeals. Affirmed.

ERVIN & MCALEER, for appellant.—The patent showed that the final receipt having been issued and the land paid for which vested the title in Henry.—Sec. 1813, Code 1896. Where the description is wholly uncertain proof cannot be made of what was intended.—*Kennedy Stave Co. v. Schloss,* 34 South. 373. Identification must be by proof of facts.—*Bernstein v. Humes,* 71 Ala. 269. Either of the two pieces of land were embraced in the description of defendant's deed.—*Vann v. Lunsford,* 91 Ala. 580. Court of law cannot correct a mistake in the deed.—*Guilmartin v. Wood,* 76 Ala. 204; *Donohue v. Johnson,* 120 Ala. 445; *Hereford v. Hereford,* 32 South: 620.

MCINTOSH & RICH, for appellee.—The documentary evidence was entirely insufficient to support plaintiff's title and the court would have been warranted in giving defendant the affirmative charge.—*Carl v. The State,*

125 Ala. 89. It was incumbent upon the plaintiff to go further than to introduce the state's patent. He should have proven that title had passed out of the government into the state.—*Carl v. The State, supra; Florence B. & I. Asso. v. Schall, et al.,* 107 Ala. 531.

TYSON, C. J.—Statutory action by appellant in the nature of an action of ejectment. In order for plaintiff to make out her case, it was necessary that she should have shown a regular chain of title back to some grantor in possession or to the United States government.—*Florence B. & I. Association v. Schall,* 107 Ala. 534, 18 South. 108; *Carl v. State,* 125 Ala. 89, 28 South. 505. No proof of possession by plaintiff, or by any grantor in the chain of documentary title introduced in evidence, was offered; nor did the documentary evidence of title introduced go as far back as the United States government.

There was a patent introduced from the state to the plaintiff's father, under whose will she claimed title as devisee. This patent purports to have been issued under any by virtue of the authority conferred by the act of the General Assembly approved February 8, 1861 (Acts 1861, p. 12) entitled "An act for the sale of the swamp and overflowed lands of the state of Alabama and for other purposes." Under that act the state was without authority to issue the patent to the plaintiff's father until the land had been patented by the government of the United States or certified by authority of this state as belonging to it. In order, therefore, to show that the state acquired the title to the land, and therefore conveyed it by the patent,, it was necessary to show a documentary title from the United States government. This not being done, the plaintiff failed to make out a prima facie case, and the affirmative charge could well have been given for the defendant.

It follows, therefore, that all rulings of the trial court in admitting evidence offered by the defendant tending

to support his claim of title to the lands and the giving of charges at his request, if erroneous, were without injury.

Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.