37 So.2d 588

**PAYTON v. MADISON.**

**1 Div. 294.**

Supreme Court of Alabama.

Nov. 18, 1948.

D. P. Moore, of Mobile, for appellant.

354

Gaillard & Gaillard and Sidney J. Gray, all of Mobile, for appellee.

**LAWSON, Justice.**

This is a statutory action in the nature of ejectment brought by appellant, Mary H. Payton, against appellee, Lawrence Madison. The case was tried by the court without a jury and judgment was rendered in favor of the defendant.

The land sued for was described in the complaint as follows: "Lot Forty-Five (45) of Wilson's Ninth Addition according to a map recorded in Deed Book 156 N.S. page 119, Probate Records of Mobile County, Alabama."

On the trial of the cause plaintiff, to support her right of recovery, introduced in evidence a deed conveying to her and her husband the lot described in the complaint. Before resting her case the plaintiff did not attempt to introduce in evidence or prove the existence of the map referred to in the deed. The defendant, however, called as a witness in his behalf the chief clerk in the office of the probate judge of Mobile County, who testified that on page 119 of Deed Book 156 N.S. was a map referred to as "*Re-survey* of Wilson's Ninth Addition." (Emphasis supplied.) He also testified that an examination of the map and the certificate attached thereto did not reveal any reference to a government survey. The defendant sought to introduce the map in evidence, with an understanding that it be returned to the custody of the said chief clerk and that defendant be permitted to thereafter substitute a certified copy of the map. The trial court declined to allow this procedure. However, the case was continued for several days to permit defendant to procure a certified copy of the map and to introduce such copy in evidence.

On the day to which the cause was continued counsel for defendant announced that the defendant did not care to introduce a copy of the map in evidence. The trial court then gave the plaintiff an opportunity to introduce a copy of the map in evidence. This the plaintiff failed to do.

In rendering judgment for the defendant in this case it is clear from this record that the trial court was of the opinion that the introduction of the map or a copy thereof was vital to the plaintiff's case and that the absence of the map from the evidence required a judgment for the defendant.

Such action of the trial court was evidently based on the theory that the description of the lands sued for in the com-

plaint (following the description in plaintiff's deed) was insufficient upon which to base judgment.

■ To support a judgment it is necessary that the description be of such a character that the sheriff, unaided by that kind of evidence aliunde, calling for his conclusion or discretion in the nature of a judicial act, can locate the land with the help of such things as recorded instruments, maps, monuments, and other objects which may be located by the data furnished by the description itself. Hughes v. Allen et al., 229 Ala. 467, 158 So. 307; Klepac v. Fendley, 222 Ala. 417, 132 So. 619.

Recognizing that such is the rule, this court in the case of Ex parte Craig, 243 Ala. 66, 8 So.2d 441, 442, held sufficient to support a judgment the following description: "Lot 5, Block 15-2, Sherman Heights, as recorded in the Probate Office of Jefferson County, Alabama."

■■ We are of the opinion that it was not necessary in order to support a judgment for plaintiff that the said map be introduced in evidence. The plaintiff sued for possession of a certain lot according to a map recorded as indicated in the description. The defendant by his plea of the general issue admitted possession of that particular lot. In the event of a judgment for plaintiff the sheriff could have located the lands sued for by reference to the data furnished by the description itself, namely, the recorded map. However, the defendant has established the fact that there is a map of Wilson's Ninth Addition recorded in the place referred to in the description in the deed. We think it immaterial that the deed refers to "Wilson's Ninth Addition" whereas the map shows "Resurvey of Wilson's Ninth Addition." Nor do we think that the fact that the clerk of the probate court testified that he did not see any reference to a government survey on the map or the certificate thereto affects the question here involved. Thrasher v. Royster, 187 Ala. 350, 65 So. 796.

The case of Little v. Thomas, 204 Ala. 66, 85 So. 490, is distinguishable from the case at bar. In that case there was a significant difference between the description used in the complaint and judgment and that set out in the conveyances upon which the plaintiff based his right of recovery.

We will not consider other questions insisted upon by the parties to this appeal, since the trial court did not give any consideration to those questions, but gave judgment for the defendant on the sole ground that the map was not in evidence. However, since the case must be tried again, we deem it well to announce several propositions of law which appear to have applicability to the facts of this case.

■ A deed conveying land to husband and wife jointly, without expressing the interest of each, is presumed without proof to vest each of them with an undivided one-half interest in the property conveyed. Dillard v. Propst, 212 Ala. 664, 103 So. 863.

■ As against a stranger in possession of the property, a tenant in common is entitled to the whole property, and may recover it all in ejectment. Chandler v. Pope, 205 Ala. 49, 87 So. 539.

■ Possession or actual occupancy of land is a fact to which a witness with knowledge of it can testify. Davis v. Reed, 211 Ala. 207, 100 So. 226; Blair v. Blair, 199 Ala. 480, 74 So. 947; Steed v. Knowles, 97 Ala. 573, 578, 12 So. 75, 78. In the case last cited it is said:

"Possession of land is a fact to which a witness may testify, and not strictly a conclusion of law, as insisted upon by counsel for appellants. [Eagle & Phœnix] Manufacturing Co. v. Gibson, 62 Ala. [369], 372. A witness testifying in regard to possession as a fact is subject to cross-examination, and the character of the possession, its extent, or whether there was, in fact, any possession, may be fully investigated."

■■ It has been said in some of our cases that where a plaintiff in ejectment relies upon a conveyance from another it is necessary for him, in order to make out his right to recover, to show a regular chain of title back to some grantor in possession, or to the government. McMillan v. Aikin et al., 189 Ala. 330, 66 So. 624; Jackson Lumber Co. v. McCreary et al.,

356

137 Ala. 278, 34 So. 850; Baucum v. George, 65 Ala. 259, 267; Henry v. Brannan, 149 Ala. 323, 42 So. 995; Stephens v. Stark, 232 Ala. 485, 168 So. 873. But this rule does not apply if the defendant stands in a relation which estops him from denying plaintiff's title, as where the plaintiff shows that he and the defendant both claim from a common source of title. Feagin, Kendall & Co. v. Jones, 94 Ala. 597, 10 So. 537; Ware v. Dewberry et al., 84 Ala. 568, 4 So. 404; Pollard v. Cocke, 19 Ala. 188. If the defendant shows that he claims title from the same source as the plaintiff, then the plaintiff is relieved of the burden of showing title back to some grantor in possession or to the government. Florence Building & Investment Association v. Schall et al., 107 Ala. 531, 18 So. 108. It follows, of course, that where the defendant claims under a deed from the plaintiff he cannot question the plaintiff's title. Elliott v. Dycke, 78 Ala. 150.

Where the plaintiff in an ejectment suit relies upon a conveyance from another and the defendant proceeds to introduce evidence showing that he claims under a tax deed based on an assessment of the land to the plaintiff, the defendant cannot question the plaintiff's title. Warren v. Williford, 148 N.C. 474, 62 S.E. 697. In such a case the issue is the validity of the tax deed of defendant.

In order to obtain the benefits provided by § 290, Title 51, Code of 1940, the purchaser at an invalid tax sale in a suit brought against him to recover possession should not set up in a special plea in bar that he claims and defends under a tax title. Abates v. Timbes, 214 Ala. 591, 108 So. 534. A motion made as provided for in said section is all that is necessary to obtain such benefits. Edwards v. Hosey, ante, p. 298, 36 So.2d 904.

For the error indicated, the judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.

FOSTER, SIMPSON, and STAKELY, JJ., concur.