EMBRY, Justice.
This is an appeal from a judgment entered, after nonjury trial, in favor of plaintiffs, Samuel L. Love and Bernice C. Love, and against defendants, Marguerite A. Gordon, as executrix of the estate of Leslie E. Gordon (deceased), and Mrs. Leslie E. Gordon (Marguerite A. Gordon), in an action of ejectment and in the nature of ejectment. We affirm.

Issue

Whether the trial court erred to reversal by finding the Loves’ title to the property in litigation is superior to the Gordon title, and by awarding possession of that property to the plaintiffs?

Facts

The land in dispute is located on a so-called “island,” or peninsula, in the Blakely River in Baldwin County. It is 300 feet long and abuts the state right-of-way along Battleship Parkway. There is substantial controversy presented in this case as to whether this “island” or peninsula existed in 1846 when the government patent shown in plaintiffs’ abstract of title was issued, or whether this land was formed by fill or natural accretion.
The defendants’ alleged right to possession of the disputed land stems from a sublease from one Walter Forester, who had leased the property from the purported owners, Olive M. Worcester and Rosa Worcester. There was evidence the deceased, Leslie E. Gordon, had lived on the property since 1945 and that his widow, Mrs. Gordon, had lived there since 1962. The evidence further disclosed that no rental payments had been made by defendants since November of 1977. The evidence contains a decree of the Baldwin County Circuit Court of 24 May 1976 which voided the lease to Walter A. Forester and all subleases derived therefrom.
The abstract of title produced by the plaintiffs, claimed by them to include the property in dispute, traces title back to a government patent dated 1 October 1846. That abstract reveals that title descends into Rosa Worcester by warranty deed dated 23 July 1952 from Olive Worcester; the deed was not recorded until 19 January 1965 and it conveyed property other than that in litigation. According to the abstract, Olive M. and Rosa Worcester thereafter executed a lease to Walter Forester dated 25 April 1955 covering the subject property together with other property; this lease was not recorded until 30 September 1969. The abstract further reveals that Walter A. Forester subleased the subject property to Leslie E. Gordon on 1 May 1955; the lease was to expire on 31 April 1965. Thereafter, Walter A. Forester, again subleased the subject property to Leslie E. Gordon on 1 May 1965 for a period of eighteen years; the lease was later amend *289 ed to add Mrs. Gordon as a lessee. The abstract then reveals that the lease to Walter A. Forester, and all subleases derived therefrom, were voided by the above mentioned Baldwin Circuit Court decree dated 24 May 1976.
The abstract allegedly demonstrates that title to the property in controversy, together with other property, descended from Rosa Worcester by mesne conveyances to plaintiffs, the Loves. At trial Mrs. Gordon testified she had never paid taxes on the property and her only right to possession was under a lease to her husband and herself.
The heart of this controversy centers on the testimony of plaintiffs’ surveyor and a plat or map, dated 1845, contained in plaintiffs’ abstract. The surveyor’s testimony appears to conflict as to whether the property in question was in existence in 1846 according to maps from that period. However, this conflict appears to result from the geographical changes that have taken place in the area since 1846. The surveyor did testify that the land in question is not a true island but is a combination of peninsulas attached to the shore.
After an ore tenus trial, the trial court entered final judgment granting plaintiffs their requested relief, except for damages. After their motion for new trial was denied, defendants perfected this appeal.

Decision

The essence of defendants’ argument is that the abstract produced by plaintiffs does not cover the land in question; therefore, plaintiffs did not meet their burden of proving superior title to that of defendants. Defendants support this argument by contending the land in question did not even exist in 1846; the date back to which plaintiffs! abstract purportedly traces their title. Defendants argue the land was originally submerged under navigable waters and had subsequently been built up by fill or artificial accretion; therefore, the State of Alabama owns the land. While we agree the evidence is certainly not one-sided in this case, we cannot find the trial court’s judgment was erroneous as a matter of law, or based on findings of fact not supported by credible evidence, or that such findings are clearly and palpably erroneous; therefore, we must affirm. See, e. g., English v. Brantley, 361 So.2d 549 (Ala.1978).
It has long been the rule of law in Alabama that the plaintiff in an ejectment action is not required to prove title against the whole world; but it is sufficient if he shows good title against the defendant. See, e. g., Garrett v. Lyle, 27 Ala. 586 (1855). It is generally sufficient for the plaintiff to prove title back to a common source of title in an ejectment action; because neither party in an ejectment action can deny the title under which he claims. Jordan v. Tinnin, 342 So.2d 748 (Ala.1977); Atlas Subsidiaries of Florida, Inc. v. Kornegay, 288 Ala. 599, 264 So.2d 158 (1972); Payton v. Madison, 251 Ala. 353, 37 So.2d 588 (1948).
In this case there was credible evidence to support a finding by the trial court that both plaintiffs’ and defendants’ alleged right to possession was derived from a common source, Olive and Rosa Worcester. This court stated in Payton v. Madison, supra :
“It has been said in some of our cases that, where a plaintiff in ejectment relies upon a conveyance from another it is necessary for him, in order to make out his right to recover, to show a regular chain of title back to some grantor in possession, or to the government. McMillan v. Aikin et al., 189 Ala. 330, 66 So. 624; Jackson Lumber Co. v. McCreary et al., 137 Ala. 278, 34 So. 850; Baucum v. George, 65 Ala. 259, 267; Henry v. Brannan, 149 Ala. 323, 42 So. 995; Stephens v. Stark, 232 Ala. 485,168 So. 873. But this rule does not apply if the defendant stands in a relation which estops him from denying plaintiff’s title, as where the plaintiff shows that he and the defendant both claim from a common source of title. Feagin, Kendall & Co. v. Jones, 94 Ala. 597, 10 So. 537; Ware v. Dewberry et. al., 84 Ala. 568, 4 So. 404; Pollard v. Cocke, 19 Ala. 188. If the *290 defendant shows that he claims title from the same source as the plaintiff, then the plaintiff is relieved of the burden of showing title, back to some grantor in possession or to the government. Florence Building & Investment Association v. Schall et al., 107 Ala. 531, 18 So. 108. It follows, of course, that where the defendant claims under a deed from the plaintiff he cannot question the plaintiff’s title. Elliott v. Dycke, 78 Ala. 150.” 251 Ala. at 355, 356, 37 So.2d at 591.
There was credible evidence to support a finding that plaintiffs had superior title. The defendants’ only right to possession of the property was a sublease stemming from plaintiffs’ predecessor in title. That sublease had been voided by the circuit court decree to which we previously alluded. Conversely, there was credible evidence demonstrating that plaintiffs had title to the property by way of mesne conveyances from Rosa Worcester, the lessor of defendants’ lessor.
The judgment of the circuit court not being erroneous and supported by credible evidence is due to be, and is, affirmed.
AFFIRMED.
FAULKNER, JONES, ALMON and BEATTY, JJ., concur.