The plaintiffs in this case brought an action for sale for division. The facts are undisputed. Alfred and Mattie Foster, husband and wife, had owned a piece of property as tenants in common. Alfred Foster owned an undivided one-fourth interest, and Mattie Foster owned an undivided three-fourths interest in the land. First Federal Savings and Loan Association of Bessemer (mortgagee) held a mortgage on the property.
On September 18, 1961, a foreclosure sale was held, and the property was conveyed to mortgagee. On September 29, 1961, the property was redeemed and reconveyed by deed to the Fosters. The conveyance clause in this deed stated: "[T]he undersigned grantor [mortgagee] does hereby grant, bargain, sell and convey unto the said Mattie Foster and Alfred Foster the following described real estate. . . ."
The heirs of Mattie Foster brought this action against the heirs of Alfred Foster, seeking a sale for division of the property. The trial court decreed sale of the property and division of the proceeds — three fourths to the heirs of Mattie Foster and one-fourth to the heirs of Alfred Foster.
The heirs of Alfred Foster appeal from the decree. They argue that the foreclosure and subsequent execution of the deed conveying the property to the mortgagee terminated the original tenancy. They contend that a new tenancy was created by the deed of redemption and, under this tenancy in common, each presumptively received an undivided one-half interest in the realty.
The sole issue on appeal is whether a deed of redemption to husband and wife, silent as to the fractional shares conveyed to each, restores the original uneven fractional shares in the property or vests the husband and wife with equal shares.
In Trauner v. Lowrey, 369 So.2d 531, 534 (Ala. 1979), we stated that Alabama is classified as a "`title' state with regard to mortgages. Execution of a mortgage passes legal title to the mortgagee." Following the foreclosure of a mortgage, the mortgagor is divested of all interest in the mortgaged property save the statutory right of redemption, which is a personal privilege, not a property right. Ala. Code 1975, § 6-5-246 (1975); Trauner v. Lowrey, 369 So.2d 531, 534. If the mortgagor exercises his statutory right of redemption, he "`reacquires or buys back the title which may have passed under the mortgage.' 42 C.J. 341." Long v. King, 233 Ala. 379, 383, 171 So. 738, 741
(1936).
We, therefore, hold that upon payment of the redemption price by the Fosters, the sale was nullified and legal title was restored to them as if there had been no sale at all. 7American Law of Property § 16.176 (A.J. Casner ed. 1952). Furthermore, Alfred and Mattie Foster never ceased to be tenants in common, even after foreclosure and execution of the deed to the mortgagee. The original tenancy would have terminated only if neither of them had redeemed the property before the statutory period of redemption ran. Coleman v.Coleman, 173 Ala. 282, 55 So. 827 (1911).
Appellants argue that the language of the deed of redemption created a presumption that Alfred and Mattie Foster each received an undivided one-half interest in the property. Paytonv. Madison, 251 Ala. 353, 37 So.2d 588 (1948). They contend that the presumption was not rebutted by the evidence. We disagree.
A tenancy in common creates as a matter of law a confidential relationship. Smith v. Smith, 266 Ala. 118, 94 So.2d 863
(1957). The reciprocal rights and duties created by this relationship have been well stated by the Supreme Court of Pennsylvania: *Page 530 
 "A co-tenant stands in a confidential relationship to all his co-tenants. He cannot acquire a title antagonistic to theirs because it is presumed that when he acts he acts for all co-tenants. Anyone who owns an undivided portion of a common treasure is guardian and protector of the entire fortune because the rights of his co-owners are so intermingled and intertwined with his own that he cannot traffic with his share without endangering and hindering the rights of all."
Beers v. Pusey, 389 Pa. 117, 132 A.2d 346, 348 (1957).
Because of this confidential relationship, the interest held by the cotenants cannot be reapportioned without unanimous agreement of all. In other words, a cotenant has a duty not to secretly add to his own share at the expense of the other. 86 C.J.S. Tenancy in Common § 17 (1954). This is especially true when there are but two cotenants, and increasing the share of one necessarily decreases the share of the other.
We reiterate our holding that the tenancy never terminated. The interests within that tenancy could have been reapportioned only by an open and unanimous agreement of the cotenants. There was no evidence of such agreement. We, therefore, hold that, as a matter of law, the interests held by the cotenants did not change. Clearly, the presumption which appellants rely upon cannot be asserted to reapportion an existing cotenancy. We hold that the deed of redemption restored legal title to Alfred and Mattie Foster in conformance with the existing tenancy, i.e., Mattie Foster held an undivided three-fourths interest, and Alfred Foster continued to hold an undivided one-fourth interest.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.