EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a breach of contract-account case.
Both parties recite many facts in their respective briefs which do not appear in the record. We cannot consider factual matters outside of the record. The briefs of parties cannot enlarge, change, alter, or vary the record which must itself disclose the facts relied upon. Sellers v. Sellers, 497 So.2d 174 (Ala.Civ.App.1986). Consequently, we must consider only pertinent facts which the record reveals.
Bama Business Machines sued Bowman Corporation in the small claims court where a judgment was rendered against the defendant in the amount of $657.85. The defendant timely appealed to the circuit court. A final judgment was rendered and entered by the circuit court that, the case being “called and the defendant having received notice of the trial setting and failing to appear, the appeal is hereby dismissed.” The defendant duly appealed therefrom and, in addition to those factual matters which we cannot consider, argues, in substance, that the circuit court abused its discretion in entering the final dismissal judgment.
A dismissal because of a party’s failure to appear at a trial is a matter which falls within the trial court’s discretion and will not be reversed upon an appeal except for an abuse thereof. Thompson v. McQuagge, 464 So.2d 105 (Ala.Civ.App.1985). The only facts, relative to the dismissal, which we have before us are those which were set forth by the circuit court in its final judgment. The record does not disclose any abusive use of that discretionary power in this case. The recitals in the judgment sustain its issuance. The final judgment of the circuit court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.