James Lake and Gregory Lake appeal from a judgment of the Jefferson Circuit Court ejecting them from certain real property on which they resided. We affirm.
Frankie Mae Lake owned property in Jefferson County ("the property"). She died intestate in 1997, leaving four children: James Lake, Gregory Lake, Clifford Lake, and Hedy Fitts.[1]
Mrs. Lake had accumulated substantial medical bills before her death. In 1999, to pay Mrs. Lake's outstanding medical bills, James, Gregory, and Clifford transferred, by deed, their interests in the property to Hedy. Hedy then mortgaged the property and, with the proceeds of the resulting loan, was supposed to pay Mrs. Lake's medical bills.
Conseco Finance Corporation ("Conseco"), which held the mortgage on the property, foreclosed on the mortgage due to nonpayment of the loan Hedy had obtained. On April 1, 2003, Avalanche Investments, Inc. ("Avalanche"), purchased the property at the foreclosure sale.
On May 19, 2003, Avalanche filed suit to obtain possession of the property. In its complaint, it named as defendants: "Gregory A. Fitts and Hedy Hill Fitts and/or Occupants of 6096 Service Road, Birmingham, Alabama 35235 [(the address of the property)], all of whose names are otherwise unknown to the Plaintiff but will be added by amendment when ascertained." On August 25, 2003, Avalanche amended its complaint to substitute James Lake and Gregory Lake for Gregory Fitts and Hedy Fitts. Although the caption of its amended complaint retained the designation of "occupants" as a class of unknown defendants, Avalanche never substituted or added any named parties for this designation.[2]
The trial court held a bench trial on June 10, 2004, and, on June 15, 2004, it entered a judgment in favor of Avalanche. Among other things, the trial court found that James Lake and Gregory Lake had wrongfully withheld possession of the property from Avalanche beginning in *Page 1025 
April 2003, and, after determining that $1,500 was a fair monthly rental value for the property, it awarded Avalanche $22,500. It also awarded possession of the property to Avalanche and thereby ejected James Lake and Gregory Lake.
On July 13, 2004, James Lake and Gregory Lake filed a motion for a new trial or, in the alternative, "to reconsider." For the first time, they asserted that Frankie Mae Lake, before her death, had adopted two individuals, Ashley Lake and Ariel Lake.[3] They argued that Ashley and Ariel were entitled, along with Mrs. Lake's other four children, to a share in the property and that, because Ashley and Ariel did not join in the conveyance of the property to Hedy Fitts, Fitts could not have mortgaged their interests in the property. As a result, James and Gregory argued, Avalanche owned the property jointly with Ariel and Ashley, as tenants in common, and was not entitled to exclusive possession of the property.
The trial court denied James and Gregory's postjudgment motion. James and Gregory appeal.
On appeal, James and Gregory contend that the trial court's judgment "disturbed the possessory interest of Ariel and Ashley Lake," because, according to their brief, Ariel and Ashley are minor children, of whom James is the physical custodian, and they resided with James on the property. Thus, James and Gregory argue, Avalanche ejected Ashley and Ariel from the property when it ejected James. James and Gregory argue that, because the judgment affected Ariel's and Ashley's rights, Ariel and Ashley should have been joined as indispensable parties to this action under Rule 19, Ala. R. Civ. P., and the trial court should have appointed guardians ad litem for them pursuant to Rule 17, Ala. R. Civ. P.
Generally, we do not address issues on appeal that were not raised in the trial court. See Andrews v. Merritt OilCo., 612 So.2d 409, 410 (Ala. 1992). However, the failure to join a necessary party is a jurisdictional defect that can be raised for the first time on appeal. Burnett v. Munoz,853 So.2d 963, 965 (Ala.Civ.App. 2002). Rule 19(a), Ala. R. Civ. P., states, in pertinent part:
 "(a) Persons to Be Joined if Feasible. A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."
Even if we were to assume that Frankie Mae Lake adopted Ariel and Ashley and that they each obtained a one-sixth interest in the property upon Mrs. Lake's death, we cannot find, based on the record presented to us on appeal, that the trial court erred to reversal in entering the judgment that it entered. The only defendants in this action were James and Gregory. Ariel and Ashley were not defendants, and, from the state of the record, we fail to see how their rights in the property, to the extent they have any, have *Page 1026 
been litigated in this action. To the extent Ariel or Ashley may have a partial ownership interest in the property and, as a result, may have a possessory interest in the property, such interests would be independent of any interests of James or Gregory in the property. The final judgment of the trial court provides for the ejectment of James and Gregory from the property; it does not provide for the ejectment of anyone else from the property.
The fact that Avalanche may have owned the property jointly with Ashley and Ariel did not prevent it from seeking to eject James and Gregory from the property, nor did it mean that Ashley and Ariel, as tenants in common with Avalanche, were required to be joined as necessary parties. One who shares ownership of property with others as a tenant in common may seek to recover the entire tract of property from non-title holders and eject them therefrom. See Payton v. Madison, 251 Ala. 353,355, 37 So.2d 588, 590 (1948) ("As against a stranger in possession of the property, a tenant in common is entitled to the whole property, and may recover it all in ejectment.").
We find without merit James and Gregory's assertion that because Ariel and Ashley resided with James and are minors the ejectment of James from the property resulted in the ejectment of Ariel and Ashley as well. First, as to the issue of possession of the property from and after the entry of the judgment, the judgment adjudicates the rights of James, personally; it does not adjudicate the right of Ariel or Ashley to possess the property, either with or without an accompanying custodian or other individual occupying the property at her behest.
Moreover, as to both the issue of possession of the property in the future and the issue of the money damages awarded by the trial court for the possession of the property in the past by James and Gregory, the record before us on appeal simply does not reflect that Ariel and Ashley resided on the property with James.[4] Accordingly, the record does not provide the necessary factual predicate for James and Gregory's assertion.See Adams v. Sanders, 811 So.2d 542, 545
(Ala.Civ.App. 2001) ("`"We cannot consider factual matters outside of the record. The briefs of parties cannot enlarge, change, alter, or vary the record which must itself disclose the facts relied upon." Consequently, we must consider only pertinent facts which the record reveals.'" (quoting BowmanCorp. v. Bama Bus. Machs., 504 So.2d 315, 316
(Ala.Civ.App. 1987))).
Based on the foregoing, we conclude that James and Gregory have not affirmatively demonstrated: (1) that complete relief of the nature requested by Avalanche was not available in Ariel's and Ashley's absence; (2) that Ariel and Ashley are so situated that the trial court's judgment impairs or impedes their ability to protect their asserted interests in the property; or (3) that any person already made a party to the action risks "incurring double, multiple, or otherwise inconsistent obligations." Any claim Ariel or Ashley may have to the property can be advanced in a separate action.
James and Gregory also contend on appeal (1) that Hedy Fitts obtained the deed to the property through fraud and, as a result, the deed is void, and (2) that Conseco and Avalanche were on notice of James's, Gregory's, Ashley's, and Ariel's interests in the property, and, therefore, *Page 1027 
Avalanche did not obtain an interest in the property by virtue of its purchase at the foreclosure sale. James and Gregory fail to support these arguments with any citation to legal authority, and, as a result, we will not address them. See
Rule 28(a)(10), Ala. R.App. P.; and University of South Alabama v.Progressive Ins. Co., 904 So.2d 1242, 1247-48 (Ala. 2004).
AFFIRMED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
[1] Mrs. Fitts is referred to in the record as both "Heddie Fitts" and "Hedy Fitts." For the sake of consistency, we refer to her as "Hedy Fitts."
[2] Avalanche discontinued the designation of "occupants" in the caption of its filings at one point during the litigation, referring only to James Lake and Gregory Lake as the defendants.
[3] James and Gregory, without explanation, argued that evidence of the adoptions of Ashley and Ariel was unavailable at the time of trial and that their counsel did not learn of the adoptions until after trial.
[4] Nor does the record establish any kinship or custodial relationship between James and the girls.