## CONGER V. CONVERSE.

1. CHAIN OF TITLE. When both parties to an action for the recovery of real property, claim under one grantor, evidence showing title in such grantor is unnecessary.

2. SHERIFF'S DEED. A sheriff's deed is presumptive evidence of the regularity of all prior proceedings, and may be offered in evidence without preliminary proofs.

3. RECORD AND SECONDARY EVIDENCE. The general rule is, that when a record is shown to be lost, its contents may be proved by secondary evidence, and if such secondary evidence discloses that better evidence exists, such evidence must be produced; or, if from the nature of the case, it is manifest that such evidence exists, it must be produced. When it is not apparent, the objecting party must show that it exists.

4. SAME. When the records did not show that an execution had been issued or returned, *held*, that secondary evidence was admissible to show the existence and contents of such execution.

5. SHERIFF'S DEED: WHO MAY EXECUTE. The sheriff in office when a certificate of a sale made by a predecessor is presented, is the one who should execute the deed. A sheriff cannot execute a valid deed after the expiration of his term of office.

6. SHERIFF'S CERTIFICATE. A sheriff's certificate of a sale is admissible, after the proper foundation has been laid for the introduction of secondary evidence, as tending to show the existence and contents of the execution under which the sale was made.

*Appeal from Winnesheik District Court.*

THURSDAY, NOVEMBER 3.

RIGHT. Both parties claim under one Bullis—the plaintiff under a purchase at sheriff's sale, the defendant by deed from the execution defendant. To maintain his title, plaintiff gave in evidence a deed from the sheriff. It was admitted that judgments were rendered against Bullis at the time and for the sums in said deed specified, *that no execution upon either of the judgments could be found, and that the records do not show the issuing, nor return of any such writ, nor any amount credited on such judgment.* The plaintiff offered to prove by parol, that execution had been issued— that a sale of the premises was in fact made by the sheriff at the time the sheriff's deed mentions, and that Bullis was

present and made no objection to the same. This testimony was objected to on the ground that it was irrelevant, and because the issuing of an execution could only be proved by the record, and that any omissiom therein could not be supplied by parol. The objection was sustained and the testimony excluded.

One Vanpelt was the sheriff conducting the sale. He gave to the purchaser a certificate thereof, referring to the judgments—by name and description—to the execution, and reciting that if defendant (Bullis) failed to redeem, the holder would be entitled to a deed. Smith succeeded Vanpelt in the office of sheriff, and made the deed, which refers to the certificate and recites the judgments. On the trial the plaintiff offered this certificate in evidence. It was objected to, *first*, that it did not appear that any executions were ever issued upon said judgment; and *second*, because the certificate and deed were signed by different persons. Both of these objections were sustained and the testimony excluded.

Plaintiff also proposed to prove that defendant, when he purchased of Bullis, had actual notice of the purchase by plaintiff at sheriff's sale.

This testimony was objected to and the objection sustained. Judgment for defendant, and plaintiff appeals.

*E. E. Cooley* for the appellant.

I. The sheriff's deed was evidence of the regularity of all prior proceedings. Code, section 1948. It was not necessary to prove Bullis' title. The defendant is estopped from denying it. 2 Greenl. Ev. sections 305 and 307; *Whitside* v. *Jackson*, 1 Wend. 418; *Jackson* v. *Walker*, 7 Cow. C. 37; *Jackson* v. *Norris*, Ib. 717.

II. The judgment against Bullis, the fact that no execution thereon can be found among the files of the court, and that the records do not show that an execution was issued or returned, being admitted, it is competent for plaintiff to prove by parol, the existence of an execution. The title of

a purchaser at a judicial sale does not depend upon the clerk's entry in the judgment docket of the date of the issuing of an execution. *Young* v. *Dugan*, 1 G. Greene 152; *Humphrey* v. *Beeson*, Ib. 199; *Hopping* v. *Burnam*, 2 Ib. 39; *Doe* v. *Heath*, 2 Blackf. 156; *Billets' Exrs.* v. *Winston*, 1 Mumf. 269.

Executions are not records until returned. 1 Greenl. Ev. section 521; 9 John. 287. If an execution is lost, secondary evidence may be admitted to show both its existence and its contents. 1 Greenl. Ev. section 509 and 521.

III. A sheriff may execute a deed of lands sold on execution by his predecessor. *McElmarry* v. *Ardis*, 3 Strobhart 212; Code of 1851, section 1946.

IV. The court erred in refusing to allow proof of the sale by the sheriff, and of Bullis' presence and neglect to remonstrate or object. These facts proved, with the admissions of the judgments of record against him, estop him and all persons claiming under him from denying the sheriff's authority, or the execution in his hands. 8 Barb. 102; 12 Ib. 128, 135 and 137.

*Noble, Smith & Hughes* for the appellees.

[No brief on file.]

WRIGHT, C. J.— As both parties claim under the same third person, it was unnecessary for the plaintiff to prove title in Bullis. 2 Greenl. Ev. 307, and authorities there cited.

By the Code a sheriff's deed is presumptive evidence of the regularity of all previous proceedings, and can be given in evidence without preliminary proof. (Section 1948.) The deed seems to have been thus received in this case. If the plaintiff had here rested his case, and no other testimony had been introduced, the judgment must have been in his favor. For some purpose, however, it appears that he proposed to prove the regularity of the proceedings, and sought to introduce preliminary proof, or proof to sustain the deed.

In this attitude of the case, therefore, we are called upon to determine whether the testimony offered was admissible.

The general rule is, that where a record is shown to be lost its contents may be proved by any secondary evidence. If that offer discloses the fact that other and better evidence exists, then such other and better evidence must be produced.   And in the case of writs, if they cannot be found after due or diligent search, their contents may be proved, like other documents, by secondary evidence.   (1 Greenl. Ev. sections 84, 509, 521.)   If from the nature of the case it is manifest that a more satisfactory kind of secondary evidence exists, the party will be required to produce it.   Should it not be thus disclosed, however, the party objecting to that offered, must at least show that there is better.   This is said to be the doctrine in this country as deduced from the various authorities.   (Note 2, section 84, 1 Greenl.)

When it is said that neither of the executions could be found, and that the records did not show that any had been issued or returned, (and these facts are stated in the bill of exceptions,) we think there was a sufficient foundation laid for letting in the parol testimony.   For if it be granted that proof of the loss of the execution would not warrant the introduction of parol proof of their contents, because from the nature of the case better proof must exist, to-wit, the entries in the "judgment docket," of the date of the issuance and return of said writs, or entries in the "sale book," (Code, section 145, clause 284,) we say if this be granted; the rule relied on can have no application in the present case from the fact that it appears that these records did *not* show any such issuance or return.   So to speak, then, there was no such higher secondary evidence and the parol proof was improperly rejected.

The fact that the certificate and deed were signed by different persons, was no ground for excluding the certificate. The sheriff in office at the time the certificate is produced and deed demanded, is the proper officer to make the deed, and not the one who made the sale and whose term of office

has expired. The term " sheriff," as found in section 1946, applies to the office and not to the person. If parol evidence could be received of the issuing of the writ and the sale, much more clearly would the certificate of the sheriff be evidence as tending to prove the sworn facts.

Judgment reversed.