# Woodward *v.* Parsons.

### *Action of Ejectment.*

1.  *Judgments create no liens.*—Judgments create no liens upon the property of defendants.  A lien is created only by the delivery of an execution to the sheriff, and extends only to the property subject to levy and sale, which is found in the county.

2.  *In the absence of a stipulation the mortgagee is entitled to the possession of the property.*—A mortgage in the absence of express stipulations, or necessary implications, gives the right to immediate possession of the property, and the mortgagee may at any time take possession of it, or recover it by suit.

3.  *No presumption will be indulged that the mortgagee is not entitled to immediate possession.*—No presumption can be indulged that the right to immediate possession was withheld, when the debt, for the security of which mortgage was given, was due at the time of its execution.

4.  *In civil cases only exceptions reserved, and assigned, and insisted on as error, will be considered.*—In civil cases only such action of the court below as is excepted to, and assigned and insisted on as error in ʃthe appellate court, will be considered.

APPEAL from the Circuit Court of Talladega.
Tried before the Hon. JOHN HENDERSON.
The facts are stated in the opinion.

RICE, JONES & WILEY, for the appellant.—1. An appel-

[Woodward v. Parsons.]

lant, who has duly assigned errors, has the legal right to have them examined, considered and decided by this court, whether he argues them or not. This right is given by law, and is not created by or dependent upon his argument.—52 Ala. 480. The appellant had the right to rely, and did rely in taking his exceptions assigning errors, and arguing the cause on the law and practice, as settled in 52 Ala. supra.

2. In view of the facts of this case, it seems impossible to hold that the seventeenth charge, given by the Circuit Court, at the request of Parsons, is not a reversible error, without necessarily overruling the law as firmly settled by the court for more than twenty years.—26 Ala. 184, 185; 27 Ala. 336, 337. If these two cases declare the law in Alabama, that charge is clearly erroneous. To sustain the charge is virtually to abolish the settled doctrine of constructive fraud in this State.

3. Although Parsons was a creditor, yet the mortgage to him can not be sustained merely because it was made on a valuable consideration. To sustain the mortgage, it must not only have been for valuable consideration, but also bona fide, fell from actual or constructive fraud.—3 Ala. 444; 14 Ala. 557; 14 Ala. 55. If Parsons accepted the mortgage with knowledge of Elston's intention to hinder his creditors or delay them, the mortgage is invalid as against Woodward, even if Parsons had no intention to delay, hinder or defraud the creditors of the mortgagor. Such knowledge, without regard to his intention, would make him, in law, a participant in the fraud.—41 Ala. 245. In no just sense is Parsons a purchaser. He parted with nothing when he took the mortgage under which he claims. He is merely a mortgagee, who took the mortgage as security for an antecedent debt. And if, when the mortgage was executed, he had notice of the intention of Elston to hinder, delay or defraud his other creditors, his claim must yield to such creditors, although he did not participate in the purpose of Elston. 2 Ball & Beat. 319–20; 7 Peters, 348. In every point of view, the charge as an erroneous statement of the law, and must work a reversal.—7 Pet. 348.

There are divers erroneous propositions in the first sixteen charges given at appellee's request, which no argument can make clearer than the careful reading of them. And no court can know that, even if there be but one error, the verdict was not the result of it.—53 N. Y. Rep's 180, 184.

The evidence in this case and the legal presumptions arising therefrom shifted the burden of proof from the

[Woodward v. Parsons.]

appellant, put it upon the appellee, and required him to furnish explanation of the badges of fraud.—9 Ala. 305; yet, the said charge seventeen steadily kept the burden of proof on appellant as to fraud; and deprived him of the verdict on that issue.—37 Ala. 385.

John T. Heflin and Geo. W. Parsons, for appellee. 1. There is no question so reserved by the bill of exceptions that it can be reviewed in this court. The exception to the general charge given by the court *mero motu* is to the " charge of the court, and to each part thereof." This is simply an exception to the whole charge, and is too general to raise any point for review.—50 Ala. 181; 50 Ala. 80; 37 Ala. 642.

2. The exception reserved to the seventeen charges of the plaintiff is this: " defendant excepts to each of these charges." This is general. It is an exception to all the charges collectively, and not to any charge separately. A bill of exceptions, like other pleadings, must be construed most strongly against the party whose pleading it is. The exception being general, the court is not bound to sift the charges to find out anything that is objectionable.—21 Ala. 351; 21 ib. 200; 32 Ala. 690; 1 Ala. 692.

3. Any misdirection in matter of law is, so far as it affects Woodward, is error without injury.—28 Ala. 305; 50 Ala. 265; 28 Ala. 164; 29 Ala. 528.

4. A review of all the laws of Alabama on the subject of judgment liens, from the Code of 1852 down to the present time, shows that at the time the said judgments were rendered under which the appellant claims, there was no such a lien, created by a judgment, as that claimed. At the time of the execution and registration of the mortgage there was no execution in the sheriff's office, and judgment liens were then not known to the law.—28 Ala. 328; 35 Ala. 280; 52 Ala. 601-2.

5. The court, in *Baskins v. Calhoun*, 45 Ala. 582, say: that a judgment rendered in March, 1866, is not a lien on land sold after its rendition, but before an execution was delivered to the sheriff of the county in which they are situated.—44 Ala. 418; 43 Ala. 435.

6. All the judgments were rendered between the 23d of February, 1866, and February 18th, 1868, were not liens, and could not have become liens, until executions were issued. And six days before the issue of executions on said judgments, Elston executed, on the 11th day of June, 1867, .a mortgage to Parsons, the appellee, which was duly re-

corded on June 12th, 1857; and therefore, having been made to secure a large *bona fide* indebtedness, should be satisfied in full before any of said judgments.

BRICKELL, C. J.—This was a real action under the Code, for the recovery of the possession of a tract of land, in which the appellee was plaintiff. Each party deduced title from Jonathan L. Elston. The appellee claiming under a mortgage, executed on the 11th day of June, 1867. The appellants claiming under a sheriff's sale, made under executions against Elston, coming to the hands of the sheriff after, but founded on judgments rendered prior to the execution of the mortgage. The court, at the request of the appellee, gave its charge to the jury in writing, to which general exception was reserved.

In support of this exception, and as showing the charge as an entirety is erroneous, the appellants insist on two propositions : *first,* that under the statutes existing at the rendition of the judgments, a lien was attached to the judgments, which being prior in point of time, has precedence of the mortgage; the *second,* that under the mortgage, the appellee was not entitled to the possession of the the premises—that possession of right remained to the mortgagor, until the power of sale in the mortgage had been executed.

The first proposition has been settled adversely to the appellants, by the decision in *Dane v. McArthur.*—57 Ala. 448. The statutes do not attach a lien to judgments. A lien is acquired only by a delivery of an execution to the sheriff, and extends only to property real and personal, subject to execution, situated within the county of the sheriff.

Nor can the second proposition be maintained. The consideration of the mortgage, is the security of debts past due, at the time of its execution. It confers on the mortgagee, the power to sell at any time he may think proper, on giving thirty days notice. In reference to the possession it is silent; there is no stipulation that the mortgagor shall remain in possession until the power is exercised. A mortgage, like other conveyances, deriving operation from our statute of uses, operates an immediate transfer of possession and the right of possession from the mortgagor to the mortgagee, in the absence of an express stipulation, or of necessary implication, that the mortgagor shall remain in possession; and the mortgagee may at any time enter and take possession, or recover it in ejectment.—4 Kent, 183; 2 Wash. Real Prop. 38 (marg. 476); *Duval v. McLoskey,* 1

Ala. 729.   Under what circumstances an implication may be made, of a right in the mortgagor to remain in possession, it is not now necessary to consider.   It cannot be made, when the mortgage debt has passed maturity, and the possession of the mortgagor, or of his assignee, would hinder and embarrass the mortgagee in the exercise of the power of sale, with which the mortgage clothes him.

There were seventeen instructions given at the request of the appellee, to each of which an exception was reserved. We have carefully examined these instructions, and though some of them are not clearly expressed, we can not affirm that they assert incorrect propositions, or that their immediate tendency was to mislead the jury.   The counsel for the appellant has assailed more particularly the seventeenth instruction.   But we think fairly construed, it simply asserts, that the fraudulent intent of the grantor in which the creditor did not participate, would not vitiate the mortgage. The judgment must be affirmed.