# Carpenter *v.* Joiner.

*Damages for Cutting Timber.*

(Decided July 13, 1907.  44 South. 424.)

1. *Statutes; Title; Subjects Not Expressed in Title.*—In so far as it provides that instruments recorded within two years of the passage of the act shall be legal, Acts 1903, p. 305, is violative of section 45, Constitution 1901 as containing two subjects, the matter of which is not clearly expressed in the title.

2. *Ejectment; Right of Action; Title.*—It must appear that the plaintiff, at the commencement of the suit, had the legal title to the land sued for and the right to immediate possession, to enable him to recover in ejectment.

3. *Same.*—A plaintiff in ejectment must recover on the strength of his own title without regard to the weakness of his adversary's title.

4. *Exceptions; Bills of; Contents; Construction.*—Bills of exceptions will be construed most strongly against the party taking them.

APPEAL from Clarke Circuit Court.

Heard before Hon. HENRY F. REESE, Special Judge.

Action by A. F. Carpenter against J. C. Joiner. From a judgment for defendant, plaintiff appeals. Affirmed.

This was an action begun by A. F. Carpenter against J. C. Joiner, as surviving partner of the firm of Vaughan & Joiner, and Joiner individually, to recover damages for cutting standing timber from a certain section of land in Clarke county, Ala., alleged to have belonged to the plaintiff. The plaintiff introduced a patent from the United States government to William L. Beckham.

to the land described in the complaint, the original record of deeds (Book O, at page 267), showing a deed from T. J. Ford, as administrator of Beckham, to B. C. Anderson, together with the minute book of the probate court of Clarke county showing the order of sale, notice, report of sale, and order of confirmation leading up to the deeds just above mentioned, and other original records of deeds down to and including a deed to the Christian & Craft Grocery Company, the incorporation of said company, and a deed from the Christian & Craft Company to A. F. & D. Mackay. This deed was signed by E. W. Christian as president and J. H. Bancroft as secretary, and was acknowledged before J. H. Lynn, a notary public in and for said county, of date April 4, 1905. The deed to which this acknowledgment was attached was of date November 28, 1898. The deed was recorded on the 12th day of April, 1905, on the date of its filing. The other facts sufficiently appear in the opinion of the court. The court gave the general affirmative charge for the defendant.

RUSHTON & COLEMAN, for appellants.—The deed from Christian & Craft Co. to Mackey was certified and recorded within two years from the passage of the acts of Sept. 30, 1902, and was thereby legalized.—Acts 1903, p. 304. To maintain the action here brought the plaintiff must have possession of the land, actual or constructive at the time of the trespass.—*Garrett v. Sewell,* 108 Ala. 521; *Bonham v. Loeb,* 107 Ala. 604; *Shipman v. Baxter,* 21 Ala. 456. Where no actual possession is shown, the right to recovery depends upon the title.— *Shipman v. Baxter; supra.*

No counsel marked for appellee.

DENSON, J.—It must be conceded that the deed purporting to have been executed by Christian & Craft Company to A. F. & D. Mackey on the 28th day of November, 1898, is not a self-proving instrument under section 992 of the Code of 1896. But it is insisted by the plaintiff that the deed falls within the provisions of the curative act of the Legislature approved the 30th day of September, 1903. The title of that act is in this language: "An act to legalize and make effective the registration of deeds of conveyance which have been filed and recorded in the office of the judge of probate of the proper county of this state before or within twelve months after the passage of this act, but not within the time required by law, or recorded without proper acknowledgment or probate."—Gen. Laws, 1903, p. 305. It seems to be clear that that part of the act which provides for the recording of instruments within two years of the passage of the act is invalid, and must under section 45 of the Constitution, fall, because not expressed in nor covered by the title of the act. This being true, it follows that, notwithstanding the deed was acknowledged and recorded within two years from the passage of the act, the court did not err in sustaining the objection made to the introduction of the deed in evidence.

It is obvious that the evidence falls short of showing title in the plaintiff by adverse possession. Indeed, there is no such contention on the part of the plaintiff. He relies for recovery on his paper title, and must stand or fall by it. In ejectment, to authorize a recovery by the plaintiff, it must be made to appear by the evidence that the plaintiff, at the commencement of the suit, had the legal title to the land sued for and the right to the immediate possession. A further cardinal rule applicable to this character of action is that the plaintiff must re-

[Carpenter v. Joiner.]

cover on the strength of his own title, without regard to the weakness of his adversary's.

Plaintiff claims immediately from A. F. & D. Mackey. The bill of exceptions shows that H. W. Lightbum was legally constituted attorney in fact by the individual members composing the firm of A. F. & D. Mackey to convey lands owned by said firm in the states of Alabama and Mississippi. The power of attorney purports to have been executed on the 2d day of November, 1890. In the twelfth paragraph of the bill of exceptions we find these recitals: "Original deed from Campbell T. Mackey, A. F. Mackey, and John Griffin, and their wives, by H. W. Lightbum, as attorney in fact, to A. F. Carpenter, conveying the lands described in the first paragraph of this bill of exceptions; said deed reciting that Campbell T. Mackey, A. F. Mackey, and John Griffin were partners doing business in the city of Liverpool, England, under the firm name of A. F. & D. Mackay." The bill of exceptions purports to set out all of the evidence, and the foregoing is all that is said about the deed from A. F. & D. Mackay. The date of its execution is nowhere shown. Bills of exceptions must be construed most strongly against the party excepting, and all reasonable presumptions will be indulged in favor of the rulings of the court to support the judgment appealed from. Following these rules, we may presume that the original deed showed that it was executed after the suit was commenced, and that for this reason the court gave the affirmative charge as requested by the defendant.

It follows from the foregoing considerations that the judgment must be affirmed.

Affirmed.

Tyson, C. J., and Haralson and Simpson, JJ., concur.