(75 South. 458)

TRANNON v. TOWLES. (6 Div. 527.)

(Supreme Court of Alabama. April 19, 1917. Rehearing Denied May 24, 1917.)

1. MORTGAGES �köö137, 188 — MORTGAGEE'S TITLE—POSSESSION.

At law a mortgagee acquires the legal title to the premises described, and, unless expressly or impliedly stipulated to the contrary, is entitled to the immediate possession and right of entry, even as against the mortgagor.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 270–276, 469, 471–475, 479–481.]

2. MORTGAGES ⊛206—TRESPASS BY MORTGAGEE.

Where the mortgagor did not show any reservation of the right to the possession until the law day of the mortgage, or that the law day had not arrived at the time of the alleged entry on the land, she could not maintain trespass against the mortgagee.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 551, 552.]

Appeal from Circuit Court, Cullman County; R. C. Brickell, Judge.

Suit by Sarah Trannon against A. G. Towles. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Affirmed.

J. P. Lockwood, of Cullman, for appellant. A. A. Griffith, of Cullman, for appellee.

McCLELLAN, J. This is an action for damages for trespass upon realty. Originally the appellant (plaintiff) instituted the suit against A. G. Towles and Milton Stokes. Subsequently the plaintiff amended her complaint, striking out Stokes as a party defend-

───────

ant. The court gave the general affirmative charge for the defendant. That is the single question presented for review.

[1] If it should be assumed (for the occasion only) that the defendant authorized or directed the persons to whom he rented the lands to enter and to do what these persons did on the land, still the plaintiff did not make out a prima facie case against the defendant, since, according to the plaintiff's own testimony, she had executed to the defendant a mortgage on the place. At law the mortgagee acquired the legal title to the premises described, and, unless expressly or by implication stipulated to the contrary, the mortgagee is entitled to the immediate possession, the immediate right of entry, even as against the mortgagor. Fields v. Clayton, 117 Ala. 538, 542, 23 South. 530, 67 Am. St. Rep. 189; Welsh v. Phillips, 54 Ala. 309, 314, 25 Am. Rep. 679.

[2] The plaintiff's evidence did not disclose any reservation in the mortgagor of the right to the possession until the law day of the mortgage, or that the law day of the mortgage had not arrived at the time of the alleged entry upon the land. Under such circumstances the mortgagor cannot maintain trespass against the mortgagee (1 Jones on Mort. [6th Ed.] § 675); the mortgagee's entry not being shown to be wrongful.

The charge given for the defendant was justified by the evidence before the court. The judgment is due to be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.