62 So.2d 919

### WATSON et al. v. SPENCE.

#### I Div. 511.

Supreme Court of Alabama.

Jan. 22, 1953.

.Curtis L. Moody, Mobile, for appellants.

Harry Seale and Al J. Seale, Mobile, for appellee.

STAKELY, Justice.

This is a statutory action in ejectment brought by Percy H. Watson and Lettie N. Watson (appellants) against Elizabeth V. Spence (appellee), for the recovery of a certain lot of land situated in the City and County of Mobile, Alabama. There was verdict and judgment for the defendant. Hence this appeal.

The case was tried upon the following stipulation made between the counsel for the plaintiffs and the defendant before the court as follows: "It is stipulated and agreed by and between counsel for plaintiffs and defendant, and the parties, present in Court, that under the abstract of title, agreed on as showing the correct status of the title, that the complainants are entitled to recover, unless the defendant shows by the evidence that reasonably satisfies the jury that they are in possession under an agreement, as a religious body, and have continued to function since the organization of the church. And if plaintiffs recover they are entitled to whatever the jury assesses, under the evidence, as fair

damages for unlawful detention of the property."

■ In order for the plaintiffs to recover in the present action, it was necessary for the plaintiffs to show that at the commencement of the suit they had legal title to the land sued for and the right to immediate possession. Carpenter v. Joiner, 151 Ala. 454, 44 So. 424. It is without dispute that the plaintiffs had the legal title at the time of the commencement of the suit. Accordingly the case turns on the question as to whether the plaintiffs had the immediate right to possession when the suit was filed. Referring to the stipulation which has been set forth above, it appears that the plaintiffs are entitled to recover unless the defendant shows by the evidence that reasonably satisfies the jury that possession is held by a religious body which has continued to function since the organization of the church.

The defendant introduced in evidence an agreement in writing dated September 2, 1942, made by the plaintiffs and by J. E. Spence and others, as Trustees for the Memphis Church of God.

It appears from the instrument that prior to the agreement there was such a religious organization with headquarters on the property here involved and that the aforesaid religious organization had prior to the agreement erected a small church building or tabernacle on the property. The religious organization is known as the Memphis Church of God according to the instrument. It further appears from the written instrument that the agreement shall continue to exist as long as the Memphis Church of God shall continue to function as a religious organization. In the event such organization ceases to function or the property is turned over to any other parties whatsoever than this religious organization, then the agreement shall immediately become null and void and the church edifice and all improvements erected thereon shall become the property of the parties of the first part (appellants here).

It was further agreed that all taxes and costs of insurance on the church property shall be paid by the parties of the second part.

At the time the agreement was made J. E. Spence was the pastor of the church. He has died since the agreement was made but his wife, Mrs. J. E. Spence, is an ordained minister in the Memphis Church of God and for about nine years during his lifetime and since his death through her ministry, the church has continued to hold services on the property and use the property in the ministry of the Memphis Church of God.

In the back of the building are some rooms which in the lifetime of J. E. Spence were used to house him and his family. His widow, Mrs. J. E. Spence, has continued to occupy these rooms and at times in a spirit of charity she has allowed a mother with her children to stay with her. In other words these rooms have been used as a sort of parsonage, but at no time has this act of charity interfered with the operation of the church or diverted the use of the property from the use for which it was dedicated.

As pointed out above, the church building or tabernacle had already been built on the property as it is now constituted when the agreement was made and by the terms of the agreement, such religious organization already in possession of the property was permitted the use of the property during the life of the agreement and by the express terms of the agreement, the agreement was to continue to exist as long as the Memphis Church of God continued to function as a religious organization.

The fact that there has been a change in the ministry does not appear to us to be of any importance in this case. The church upon the property is still the same church and the rooms in the rear of the main church building are still being used to house the pastor just as it was when the agreement was made.

■ As the case was tried under the stipulation, there was ample evidence from which the jury had the right to find that the defendant was in possession under an agreement made in behalf of a religious body, which has continued to function since the organization of the church.

Under the express terms of the agreement the agreement is not revokable so long as the Memphis Church of God shall continue to function as a religious organization. As pointed out the jury found the issue in favor of the defendant as framed under the stipulation and we see no reason why the verdict of the jury and the judgment of the court, should not be allowed to stand.

Affirmed.

LIVINGSTON, C. J., and BROWN and LAWSON, JJ., concur.