264 So.2d 158

**ATLAS SUBSIDIARIES OF FLORIDA, INC., a Corporation**

v.

**J. J. KORNEGAY and Bertha Kornegay.**

3 Div. 498.

Supreme Court of Alabama.

June 22, 1972.

R. A. Norred, Birmingham, for appellant.

No brief from appellees.

HEFLIN, Chief Justice.

In the proceedings below the plaintiff brought a statutory action in the nature of ejectment. At the conclusion of the plaintiff's evidence the court granted defendants' motion to exclude the evidence. Judgment was entered in favor of the defendants. Immediately before and after the motion to exclude was granted, the trial court refused to allow the plaintiff to amend its complaint by adding an additional count. Appeal was perfected to this court. Defendants did not file a brief on appeal.

The plaintiff and defendants occupy the same positions on this appeal as they did in the proceedings below, and they will hereinafter be referred to as plaintiff and defendants.

Plaintiff contends that the evidence presented by it made out a prima facie case and the trial court erred in granting defendants' motion to exclude the evidence. Plaintiff also contends that the trial court erred in refusing to allow the plaintiff to amend its complaint.

The complaint alleged as follows:

"COUNT ONE: The Plaintiff sues to recover possession of the following tract of land in Escambia County, Alabama; [thereinafter describing the tract of land by metes and bounds] of which the Plaintiff was in possession, and upon which, pending such possession, and before the commencement of this suit the defendants entered and unlawfully withold (sic), together with $1,000.00 for the detention thereof."

"COUNT TWO: The plaintiff sues to recover the possession of the following tract of land in Escambia County, Ala-

bama: [thereinafter incorporating the legal description contained in Count One] to which said tract of land the plaintiff has the legal title, and upon which tract of land, before the commencement of this suit, the defendants entered and unlawfully withhold, together with $1,000.00 for the detention thereof."

The plaintiff rested after it introduced the following four written instruments:

1. Mortgage of the land described in the complaint from the defendants as mortgagors to Economy Construction Company, Inc., as mortgagee.

2. Assignment of the mortgage by Economy Construction Company, Inc. to Fidelity Fund, Inc.

3. Assignment of the mortgage from Fidelity Fund, Inc. to plaintiff.

4. Foreclosure deed executed by the auctioneer purporting to convey the property described in the complaint to plaintiff as purchaser at foreclosure of the mortgage under the power of sale contained in said mortgage.

The mortgage contained the following covenants:

" * * * [T]he mortgagor hereby covenants with the mortgagee and with the heirs, successors and assigns of the mortgagee that the mortgagor is seized of an indefeasible estate in fee simple in and to the above described property, is in the peaceable possession thereof, and has a good and lawful right to mortgage and convey the same; that said property is free from all encumbrances except as herein provided, and that the mortgagor hereby warrants and will forever defend the title to said property unto the mortgagee, and unto the heirs, successors and assigns of the mortgagee, against the lawful claims of all persons whomsoever."

■ A number of decisions have established that the trial court will not be put in error for granting a motion to exclude the evidence, though procedurally improper, where the plaintiff's evidence does not make out a prima facie case. Stewart v. Peabody, 280 Ala. 5, 189 So.2d 554; Carter v. City of Gadsden, 264 Ala. 544, 88 So.2d 689 and numerous cases cited therein.

In this appeal this court must determine whether or not the plaintiff's evidence made out a prima facie case.

Section 938, Title 7 of the Code of Alabama, 1940, allows a plaintiff to proceed in a statutory action in the nature of ejectment under two alternatives. The first such alternative is where the complaint alleges that the plaintiff was possessed of the premises and the defendant entered thereupon and unlawfully withholds and detains the same. The other alternative is where the complaint alleges that the plaintiff has the legal title to the lands and the defendant entered thereupon and unlawfully withholds and detains the same.

In the case under review Count One follows the first alternative and Count Two alleges the second alternative. It is only necessary that this court consider Count Two which contends that the plaintiff had legal title to the lands.

■ In a statutory action in the nature of ejectment a plaintiff may recover by showing legal title to the premises sued for at the time of the commencement of the suit and the right to immediate possession. Watson v. Spence, 258 Ala. 371, 62 So.2d 919; Morris v. Yancey, 267 Ala. 657, 104 So.2d 553; Carpenter v. Joiner, 151 Ala. 454, 44 So. 424.

The following was stated in Moorer v. Tensaw Land & Timber Co., 246 Ala. 223, 20 So.2d 105:

"A mortgage effective at law passes the legal title to the mortgagee, who is entitled to the immediate possession of the land even before default, unless it is provided in it (or by separate instrument) that the possession shall remain in the mortgagor. Woodward v. Parsons,

**602**

·59· Ala.· 625; · Trannon · v. Towles, 200 Ala. 82, 75 So. 458;. Cowart v. Aaron, 220 Ala. 35, 123 So. 229; Wilson v. Federal Land Bank, 230 Ala. 75, 159 So. 493; Mallory v. Agee, 226 Ala. 596, 147 So. 881, 88 A.L.R. 1107."

██ The defendants' defense in this case was based on the plea of the general issue. The effect of this plea was an admission by the defendants that the defendants were in possession of the lands claimed by the plaintiff and were claiming legal title thereto, carrying the burden to the plaintiff to establish in himself the legal title. Millican v. Mintz, 251 Ala. 358, 37 So.2d 425. See also § 941 of Title 7 of the Code of Alabama, 1940.

██ In a statutory action in the nature of ejectment a plaintiff may recover by showing title from a grantor in possession, or *from a common source*, or by an unbroken chain of title from the government. Stewart v. Peabody, supra, and numerous cases cited therein.

██ Where proof of title back to a common source of title is made in an ejectment action this is generally recognized as being sufficient. The following appears in 28 C.J.S. Ejectment § 23, page 874:

"Since neither party in an action of ejectment can deny the title under which he claims, it follows as a general rule that, where both parties assert title from a common grantor, plaintiff is not required to go back of the common source, but it is sufficient if he shows a better title than defendant through that source."

In support of this proposition the Alabama case of Payton v. Madison, 251 Ala. 353, 37 So.2d 588 is cited by Corpus Juris Secundum. In that case the defendant received a tax deed after plaintiff's property was sold at a tax sale. Plaintiff contended the tax sale was invalid. Defendant maintained that plaintiff must prove a chain of title back to some grantor in possession or to the government. This court said:

"It has been said in some of our cases that where a plaintiff in ejectment relies upon a conveyance from another it is necessary for him, in order to make out his right to recover, to show a regular chain of title back to some grantor in possession, or to the government. McMillan v. Aikin et al., 189 Ala. 330, 66 So. 624; Jackson Lumber Co. v. McCreary et al., 137 Ala. 278, 34 So. 850; Baucum v. George, 65 Ala. 259, 267; Henry v. Brannan, 149 Ala. 323, 42 So. 995; Stephens v. Stark, 232 Ala. 485, 168 So. 873. *But this rule does not apply if the defendant stands in a relation which estops him from denying plaintiff's title, as where the plaintiff shows that he and the defendant both claim from a common source of title.* Feagin, Kendall & Co. v. Jones, 94 Ala. 597, 10 So. 537; Ware v. Dewberry et al., 84 Ala. 568, 4 So. 404; Pollard v. Cocke, 19 Ala. 188. If the defendant shows that he claims title from the same source as the plaintiff, then the plaintiff is relieved of the burden of showing title back to some grantor in possession or to the government. Florence Building & Investment Association v. Schall et al., 107 Ala. 531, 18 So. 108. *It follows, of course, that where the defendant claims under a deed from the plaintiff he cannot question the plaintiff's title.* Elliott v. Dycke, 78 Ala. 150." (251 Ala. at 355, 37 So.2d 588, 591). (Emphasis supplied).

██ This court can see no logical reason why the rationale of Payton v. Madison, supra, should not be applicable to the instant case. The plaintiff is in privity with the defendants-mortgagors by proper and legal assignments. The plaintiff's legal title is derived from the same title that the defendants had at the time of the execution of the mortgage. Not only is the plaintiff's title derived from a common source but it is also derived from the defendants themselves.

Moreover, the defendants recited in the covenants of the mortgage that they were seized of an indefeasible estate in fee simple to the lands and were in peaceable possession thereof. Such covenants and recitals are additional reasons why the defendants should be estopped to deny plaintiff's title. Such covenants are actionable by plaintiff against the defendants since they are specifically made to the mortgagee and its assigns.

In Byers v. Rodabaugh, 17 Iowa 53, 60, the following appears:

"The plaintiff claims title through the defendant, and on the trial introduced evidence tending to show a regular chain of title from the defendant to herself, but did not introduce or offer any evidence to show a title deducible from the government down to the defendant, from whence her title was derived. The defendant asked the court to instruct the jury, that in order for the plaintiff to recover, she must trace her title back to the general government, or show twenty years peaceable possession, & c. This instruction was refused, and such refusal is assigned as error.

"There was no error in refusing this instruction; it was sufficient for the plaintiff to trace her title back to the chain through which the defendant claimed, or to the point at which the defendant is, by law, estopped from denying the title. Conger v. Converse, 9 Iowa, 554; Tillinghast's Adams on Eject., 248; 2 Greenl. on Ev., § 307; Cooley v. Brayton, 16 Iowa, 10."

See also Seabury v. Doe, 22 Ala. 207; Spragins v. Fitcheard, 206 Ala. 694, 91 So. 793; and Annotation: Common Source of Title Doctrine, 5 A.L.R.3d 375, §§ 3, 4, 5, 7, 8 and 9.

The mortgage in the instant case listed the requirements of foreclosure in connection with the power of sale. The foreclosure deed reveals that compliance was had with the terms of the mortgage pertaining to the foreclosure sale. This court has held that the recitals in a foreclosure deed given by a mortgagee to a purchaser at the sale showing compliance with the terms prescribed by the power of sale in the mortgage are prima facie evidence of the facts therein stated as against the mortgagor, without proof aliunde the recitals. Jackson v. Tribble, 156 Ala. 480, 47 So. 310. Elson v. Pridgen, 241 Ala. 233, 2 So.2d 110.

From the evidence presented it is apparent that legal title to the premises, which the defendants are not in a position to deny, was in the plaintiff at the time of the commencement of the suit and by virtue of the mortgage and foreclosure deed, the plaintiff had a right to immediate possession. The plea of the general issue is an admission that the defendant is in possession of the premises. Therefore, this court concludes that the evidence presented stated a prima facie case under Count Two and the trial court erred in granting defendants' motion to exclude the evidence.

Since this case must be reversed and remanded for a new trial it is not necessary for this court to decide if the trial court committed reversible error in refusing to allow the plaintiff to amend its complaint.

Reversed and remanded.

MERRILL, HARWOOD, MADDOX and McCALL, JJ., concur.