BEATTY, Justice.
The plaintiff appeals from a judgment for the defendants arising out of an action in the nature of an action of ejectment and Title 7, § 959, Alabama Code (Recomp.1958) (now Code oí Ala. 1975, § 6-6-298). We reverse and remand.
An earlier opinion, Mid-State Homes, Inc. v. Brown, 294 Ala. 242, 314 So.2d 836 (1975), furnishes a review of the factual background of the present controversy. In that case this plaintiff had brought an action in the nature of an action of ejectment for this same property, claiming title through the foreclosure of a mortgage and a foreclosure deed in which plaintiff was grantee. The defense was an accord and satisfaction under which the defendants gave the plaintiff a “new” mortgage on the real property in exchange for a quitclaim deed divesting plaintiff of all its interest in the property. We upheld the jury’s verdict for the defendants in that case.
*333 Following that decision, Mid-State brought this present action in July, 1975, alleging:
1. That the Plaintiff has legal title to, and is immediately entitled to the possession of, the following described real estate; to-wit:
Lot No. 11 Block ‘B’ in Lee Ridley Subdivision No. 1 to Scottsboro, Alabama according to the map or plat of said Subdivision as recorded in Plat Book ‘A’, page 176 in the office of the Judge of Probate of Jackson County, Alabama, and being a part of that certain property so described in Deed Volume 198, page 673, of the Deed records of Jackson County, Alabama.
2. That the Defendants entered thereupon, and unlawfully withhold and detain said real estate.
The defendants answered the complaint by denying that the plaintiff had legal title, denied the plaintiff’s right to immediate possession, reviewed the facts of the previous foreclosure, and asserted as a defense the accord and satisfaction previously referred to. Trial ensued before the court without a jury. The following portion of the judgment appealed from explains the basis for the trial court’s finding that the plaintiff could not recover:
The issues are the same in this cause as in the other. The plaintiff contends that the defendants, on March 25, 1968, executed a mortgage to Jim Walter Corporation and that mortgage was assigned to the plaintiff. Upon default in the payment of the indebtedness secured by the mortgage, it was foreclosed, and plaintiff received a foreclosure deed and has legal title to and is immediately entitled to the possession of the real estate described in the complaint.
The defendants contend that plaintiff does not have legal title to the property and does not have such title as to entitle it to sue for the property nor for its possession, nor to entitle it to a judgment against these defendants.
They admit that they executed the mortgage recorded in Book 420 at Page 349 and admit same was assigned to the Plaintiff, but they deny that the assignment was sufficient to enable plaintiff to maintain this suit. They admit that there was an attempted foreclosure of the mortgage, and, in connection therewith, the foreclosure deed was executed.
On March 25, 1968, James and Glenda Brown executed a promissory note payable to Jim Walter Corporation in the amount of $7,603.20, payable in 144 installments of $52.80 per month, secured by mortgage of the same date on property described as:
‘Lot No. 11, Block B of the Lee Rad-ley (sic) Subdivision No. 1 to the town of Scottsboro according to the map or plat of said Subdivision as recorded in plat book “A” Page 176 in the Office of the Judge of Probate of Jackson County, Alabama, and being a part of that property as described in Volume 198 Page 673 of the deed records of Jackson County, Alabama.’
That mortgage was assigned to Mid-State April 12, 1968. On January 28, 1970, the mortgage was foreclosed and a deed of foreclosure was executed conveying the property to Mid-State. At the time of filing this action, the Browns were in possession. These facts were developed by plaintiff, Mid-State, after which it rested. A prima facie case was thereby made. Atlas Subsidiaries of Florida, Inc., v. Kornegay, 288 Ala. 599, 264 So.2d 158.
Defendants, Brown, did not controvert the evidence of Mid-State. They proceeded with their affirmative defense of accord and satisfaction, contending that such defense estopped Mid-State from maintaining this action to recover the real estate. The defense arose from these facts: Subsequent to foreclosure, negotiations between the Browns and Mid-State culminated in the execution, on April 20,1970, of a ‘new’ mortgage by the Browns securing payment of an obligation to Mid-State in the amount of $6,811.20, payable in monthly installments of $58.20. Contemporaneously Mid-State gave a quit claim deed to the Browns dated April 8, 1970.
*334 In Mid-State Homes v. Brown, supra, our Supreme Court has concluded that Execution and delivery of the 1970 quit claim deed divested Mid-State of legal title to Lot 11, Block B.. The ‘new’ mortgage was sufficient to extinguish the obligation secured by the 1968 mortgage. The transaction in which two instruments were executed and delivered constituted an agreement within the definition of ‘accord’. Giving the quit claim deed, accepting the ‘new’ mortgage and forebear-ing its right to immediate possession under the foreclosure deed (it was under no legal obligation to do so) was consideration sufficient to fall within the definition of satisfaction. No reference was made in brief of Mid-State to Title 9, § 4, which provides a release given to the debtor by the creditor, which, if in writing may be without new consideration. The quit claim deed under all the evidence in this case could well have been considered a release.’
Since the evidence of title and the positions of the parties remain unchanged, the foregoing appears to resolve the issue adversely to the plaintiff.
As the title to the disputed land now is, the court finds the plaintiff has not met its burden of proof but, on the contrary, the defendants position previously has been upheld on appeal.
In essence the trial court found that Mid-State had failed to prove any change in the positions of the parties since our earlier decision. A review of the proceedings and the testimony in support convinces us that this finding was incorrect.
Plaintiff introduced the following documentary evidence in support of its claim to the title to this property:
(a) The real property mortgage of March, 1970 from the Browns to Mid-State;
(b) The quitclaim deed of April, 1970 from Mid-State to the Browns;
(c) The promissory note of April, 1970 from the Browns to Mid-State;
(d) The foreclosure deed of August, 1972 to Mid-State.
Furthermore, plaintiff brought out on his cross-examination of James D. Brown the following exchange:
Q Now, after you made this agreement that that the old mortgage would be wiped out and just start over with the transaction, did you make any payments on the mortgage after that?
A On the new one?
Q Yes, sir.
A Yes, sir.
Q How many payments did you make?
A I don’t remember, sir.
Q Do you know the total amount you paid?
A No, sir.
Q Do you remember, did you ever pay anymore than the regular monthly amount?
A Well, I paid insurance.
Q All right, but as far as the monthly installments were concerned, did you ever pay anymore than $52.80 called for by the mortgage?
A No, sir.
Q And can you give us your best judgment for about how long you paid on it?
A No, sir; I sure can’t; I don’t remember on all of it.
Q All right, sir, well, have you made any payments on it since August of 1972?
A I haven’t made any since the foreclosure; no, sir.
Q Now, you are talking about the most recent foreclosure?
A The last one.
Q And you and your wife are still living in the house?
A Yes, sir.
MR. NORRED: I have no further questions.
Brown’s redirect examination tended to confirm that Brown was in default on payments under the “new” mortgage indebtedness:
BY MR. DAWSON:
*335 Q Mr. Brown, be is talking about the foreclosure, the last foreclosure. Is this one where it was foreclosed in 1972, is that correct? It is, isn’t it?
A Yes.
Q And that is the foreclosure of the mortgage which you executed over in Mr. Week’s office?
A Yes, sir.
Q Under the agreement that it was to wipe out the old foreclosure and everything back of that?
A Yes, sir.
Plaintiff contends in brief and this is apparent from its exhibits and the quoted testimony, that it is relying for recovery, not upon the “old” mortgage which was the subject of an accord and satisfaction, but upon the “new” mortgage. That mortgage was foreclosed on August 8, 1972 and a foreclosure deed issued to the plaintiff. The fact that the foreclosure deed recites the same description contained in the “new” mortgage, Lot 11, Block “A,” instead of the correct description which is Lot 11, Block “B” is immaterial, and in fact is not made an issue on this appeal. In our earlier opinion we held that the parties intended in the “new” mortgage to describe the property as Lot 11, Block B. The plat of the subdivision, introduced into evidence, confirms our earlier reasoning. Brown’s testimony confirmed this. The house he purchased is located on Lot 11, Block B.
Contrary to the conclusions of the trial court, this case is not a re-trial of the first case. The first case represented an attempt to recover this same property, but the plaintiff’s title was based upon a foreclosure of the 1968 mortgage. We held that there could be no recovery based upon any rights under a foreclosure deed derived from that mortgage because of the accord and satisfaction out of which the “new” mortgage was created. Our first opinion, however, did not purport to abrogate the “new” mortgage; it only recognized that Mid-State’s legal title obtained under the 1968 mortgage’s foreclosure was divested by the delivery of its quitclaim deed to the Browns in 1970.
The plaintiff’s present case proceeds under a foreclosure of the “new” mortgage and a foreclosure deed based thereunder. That is borne out by both the evidence of that deed itself and by the testimony of Brown. Thus the difference in the two cases lies in the presence in this case of a foreclosure deed under the “new” mortgage which purports to vest the plaintiff with legal title to the real property in question. Thus our earlier decision does not control the present issues. For this reason the case must be reversed and remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.