HOUSTON, Justice.
This is a statutory action in the nature of ejectment. The testimony was presented ore tenus to the court sitting without a jury. The trial court ruled for the defendant and gave no specific grounds for its ruling. The plaintiffs appeal.
Plaintiff William C. Taylor and plaintiff Ronald E. Bingham each claims title to an undivided one-fourth interest in Lot 56 in Gulf Beach Resubdivision “A” in Baldwin County, Alabama, through a quitclaim deed dated February 12, 1981. Plaintiff Albert E. Ritchey, Sr., as trustee for A.E.R. Family Trust, claims title to the remaining undivided one-half interest in Lot 56 by a statutory warranty deed dated June 28, 1984. The Ritchey deed was executed a year and ten months after the ejectment action was filed. John W. Underwood, the deceased husband of Frances L. Underwood, the defendant, purchased Lot 56 at an ad valorem tax sale in 1955. After John W. Underwood’s death, a tax deed was issued naming him a grantee. The defendant Underwood is the sole beneficiary and devisee *1224 under the will of her husband. She claimed as an affirmative defense that she had adversely possessed the property described in the complaint with color of title in the form of a tax deed dated September 19, 1965, from the date of said deed to the date of the filing of her answer.
In an action in the nature of ejectment, plaintiffs must recover on the strength of their own title and not on the weakness of their adversary’s title. Watson v. Spence, 258 Ala. 371, 62 So.2d 919 (1953).
In a statutory action in the nature of ejectment, a plaintiff may recover by showing title from a grantor in possession, or superior title from a common source, or by an unbroken chain of title from the government. Atlas Subsidiaries of Florida, Inc. v. Kornegay, 288 Ala. 599, 264 So.2d 158 (1972). We have searched the record and find no evidence showing that the plaintiffs are claiming title from a grantor in possession; nor was evidence showing an unbroken chain of title from the government introduced. The plaintiffs sought to recover by showing better title than Underwood through a common source.
“Where proof of title back to a common source of title is made in an ejectment action this is generally recognized as being sufficient. The following appears in 28 C.J.S. Ejectment § 23, page 874:
“ ‘Since neither party in an action of ejectment can deny the title under which he claims, it follows as a general rule that, where both parties assert title from a common grantor, plaintiff is not required to go back of the common source, but it is sufficient if he shows a better title than defendant through that source.’ ”
Atlas Subsidiaries of Florida, Inc. v. Kornegay, supra.
Plaintiffs claim that Gulf Beach Land and Development Company (Gulf Beach) was plaintiffs’ and Underwood’s common source of title. The first deed in plaintiffs’ chain of title was from Gulf Beach to Boy-kin Investments, Inc. (Boykin), and was dated September 9, 1974. In this deed certain lots in Resubdivision “A” were specifically described. Lot 56, which is the lot in question, was not described. Plaintiffs claim that Lot 56 passed to their predecessor in title from Gulf Beach through the “omnibus clause,” which included the following language: “All real property owned by Gulf Beach Land and Development Co., Inc. and not heretofore specifically deeded to any other party. The ... specific items of real property are herein set forth to give specificity to that which is being conveyed but in no way is intended to limit or define or restrict the property being conveyed.”
It was the burden of the plaintiffs to show that this deed covered Lot 56. Morring v. Tipton, 126 Ala. 350, 28 So. 562 (1900). The record is devoid of such proof.
It is obvious that at one time Lot 56 was owned by Gulf Beach, but, for aught that appears, Lot 56 could have been deeded to other parties prior to the September 9,1974, deed to Boykin. No testimony was presented that a search of the records in the Baldwin County Probate Office revealed no such deed to Lot 56. No testimony was presented by any person connected in any way with Gulf Beach, who would have knowledge of the fact that Lot 56 had not been “specifically deeded to any other party” prior to the deed to Boykin.
The same failure of proof occurred with respect to the second link in plaintiffs’ chain of title. That was a deed from Boy-kin to Marilyn M. Stanard. That deed did not list Lot 56, though it did specifically list other lots in Resubdivision “A.” A correction deed, which merely added an omnibus clause, i.e. “it is the intent of Boykin Investments, Inc., to convey all property which is [sic] purchased and received from Gulf Beach,” did not cure this defect.
Furthermore, the omnibus clause relied on by plaintiffs to establish their common source of title with Underwood i.e., the omnibus clause in the 1974 deed from Gulf Beach to Boykin, states in part that the *1225 deed only includes property “not heretofore specifically deeded to any other party.” In 1965, almost nine years prior to.that deed from Gulf Beach to Boykin, Lot 56 of Re-subdivision “A” had been “deeded” to another person, John W. Underwood, by the Probate Judge of Baldwin County and the deed to John W. Underwood had been recorded.
The trial judge found that plaintiffs failed to sustain their burden. We have examined the record and the testimony and we are convinced that the trial judge has not misapplied the law to the facts and that the judgment is not based on findings of fact which are clearly and palpably wrong.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON and SHORES, JJ., concur.